UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:14-cv-00449-DRH-SCW |
| ) | |
| LOWE'S HOME CENTERS, LLC ) | |
| (f/k/a Lowe's Home Centers, Inc. ) | |
| and Lowe's HIW, Inc.) ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT**

The United States of America, by and through the undersigned attorneys, by authority of the Attorney General and at the request of the Administrator of the United States Environmental Protection Agency ("EPA"), alleges as follows:

**NATURE OF ACTION**

1.      This is a civil action brought against Lowe's Home Centers, LLC (f/k/a Lowe's Home Centers, Inc. and Lowe's HIW, Inc.) ("Defendant") for violations of sections 402(c), 406(b), and 407 of Title IV of the Toxic Substances Control Act ("TSCA"), 15 U.S.C. §§ 2682(c), 2686(b), and 2687, and the regulations promulgated thereunder, codified at 40 C.F.R. Part 745, Subpart E ("Residential Property Renovation Rule" or "RRP Rule"). The RRP Rule is intended to ensure that owners and occupants of target housing and child-occupied facilities receive information on lead-based paint hazards before renovations begin, that individuals performing such renovations

are properly trained and certified, and that specified work practices are followed during the renovations to reduce the potential for lead-based paint exposure.

2. The United States seeks an injunction ordering Defendant to comply with TSCA and its implementing regulations.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1345 and 1355; Section 17 of TSCA, 15 U.S.C. § 2616; and over the parties to this action.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) and 1395(a), because the lawsuit involves actions that took place in the Southern District of Illinois.

### DEFENDANT

5. Defendant is a North Carolina corporation located at 1000 Lowe's Boulevard, Mooresville, North Carolina, 28117, registered to do business in the State of Illinois. Defendant operates 38 stores in Illinois, including stores within the Southern District of Illinois, and over 1,700 stores across the United States. Defendant, through its network of third-party contractors, has performed numerous compensated renovations of pre-1978 housing in the United States, including renovations in buildings located in the Southern District of Illinois.

### STATUTORY AND REGULATORY BACKGROUND

6. In 1992, Congress enacted the Residential Lead-Based Paint Hazard Reduction Act, Pub. L. 102-550 (October 28, 1992; 106 Stat. 3910), also referred to as Title X of the

Housing and Community Development Act of 1992. This law amended TSCA by adding a new Title IV, entitled "Lead Exposure Reduction."

7. EPA has promulgated regulations to implement Title IV of TSCA. The Residential Property Renovation Rule (often referred to as the "RRP Rule") is codified at 40 C.F.R. Part 745, Subpart E. The purpose of the rule is to reduce the risk of lead exposure that can occur during property renovations by ensuring that owners and occupants of pre-1978 housing are informed of lead-based paint hazards before renovations begin and by establishing training and certification requirements and work practice standards for certain renovations performed for compensation in target housing and in child-occupied facilities.

8. The RRP Rule requires renovators or firms that perform renovations of pre-1978 housing for compensation to provide a lead-hazard information pamphlet entitled "Renovate Right: Important Lead Hazard Information for Families, Child Care Providers, and Schools" to the owner and occupant of such housing prior to commencing the renovation. 40 C.F.R. § 745.81(b). Among other things, the pamphlet describes "the risks of lead exposure for children under 6 years of age, pregnant women, women of childbearing age, persons involved in home renovation, and others residing in a dwelling with lead-based paint hazards; [and] describe the risks of renovation in a dwelling with lead-based paint hazards . . . ."

9. The RRP Rule requires that all renovations for compensation must be performed by certified firms. 40 C.F.R. § 745.89. In addition, each renovation project covered by the RRP Rule must be performed and/or directed by an individual who has become a certified renovator by successfully completing renovator training from an accredited training provider. 40 C.F.R.

§ 745.90(a). The certified renovator is responsible for ensuring compliance with the work practice standards set forth in the regulations and must perform or direct certain critical tasks during the renovation, such as posting warning signs, establishing containment of the work area, and cleaning the work area after the renovation. 40 C.F.R. § 745.90(b).

10. The RRP Rule requires firms performing renovation activities to keep certain records. Among the recordkeeping requirements are the following:

- 40 C.F.R. § 745.84(a)(1) provides that: "No more than 60 days before beginning renovation activities in any residential dwelling unit of target housing, the firm performing the renovation must (i) obtain, from the owner, a written acknowledgment that the owner has received the pamphlet or ii) obtain a certificate of mailing at least 7 days prior to the renovation."

- 40 C.F.R. § 745.86(b)(6) provides that certain records must be retained, including: "Documentation of compliance with the requirements of § 745.85, including documentation that a certified renovator was assigned to the project, that the certified renovator provided on-the-job training for workers used on the project, that the certified renovator performed or directed workers who performed all of the tasks described in § 745.85(a), and that the certified renovator performed the post-renovation cleaning verification described in § 745.85(b)."

- 40 C.F.R. § 745.86(b)(6)(i) provides that certain records must be retained, including a certification by the certified renovator assigned to the project that: "Training was provided to workers (topics must be identified for each worker)."

- 40 C.F.R. § 745.86(b)(6)(v) provides that certain records must be retained, including a certification by the certified renovator assigned to the project that: "The work area was contained by: (A) Removing or covering all objects in the work area (interiors). (B) Closing and covering all HVAC ducts in the work area (interiors). (C) Closing all windows in the work area (interiors) or closing all windows in and within 20 feet of the work area (exteriors). (D) Closing and sealing all doors in the work area (interiors) or closing and sealing all doors in and within 20 feet of the work area (exteriors). (E) Covering doors in the work area that were being used to allow passage but prevent spread of dust. (F) Covering the floor surface, including installed carpet, with taped-down plastic sheeting or other impermeable material in the work area 6 feet beyond the perimeter of surfaces undergoing renovation or a sufficient distance to contain the dust, whichever is greater (interiors) or covering the ground with plastic sheeting or other disposable impermeable material anchored to the building extending 10 feet beyond the perimeter of surfaces undergoing renovation or a sufficient distance to collect falling paint debris, whichever is greater, unless the property line prevents 10 feet of such ground covering, weighted down by heavy objects (exteriors). (G) Installing (if necessary) vertical containment to prevent migration of dust and debris to adjacent property (exteriors)."
- 40 C.F.R. § 745.86(b)(6)(viii) requires a certification by the certified renovator assigned to the project that: "The certified renovator performed the post-

renovation cleaning verification (the results of which must be briefly described, including the number of wet and dry cloths used)."

- 40 C.F.R. § 745.86(b)(1)(ii) requires that records that must be retained shall include:"Records prepared by a certified renovator after using EPA-recognized test kits, including an identification of the manufacturer and model of any test kits used, a description of the components that were tested including their locations, and the result of each test kit used."

11. The RRP Rule requires firms performing renovation activities to follow certain work practice requirements. Among the work practice requirements are the following:

- 40 C.F.R. § 745.85(a)(2)(ii)(C) provides that a firm conducting renovation activities must: "Cover the ground with plastic sheeting or other disposable impermeable material extending 10 feet beyond the perimeter of surfaces undergoing renovation or a sufficient distance to collect falling paint debris, whichever is greater, unless the property line prevents 10 feet of such ground covering. Ground containment measures may stop at the edge of the vertical barrier when using a vertical containment system."

- 40 C.F.R. § 745.85(a)(5) provides that, after a renovation has been completed, the firm conducting renovation activities must "clean the work area until no dust, debris or residue remains."

12. Under 40 C.F.R. § 745.84, § 745.85 and § 745.86, compensated renovators are required to:

    a. perform renovations in compliance with work practice standards in 40 C.F.R. Part 745, Subpt. E; and

    b. provide a lead hazard information pamphlet to the owner and occupant of pre-1978 housing no more than 60 days prior to beginning renovation activities, and obtain from the owner a written acknowledgment, and/or obtain a certificate of mailing at least 7 days prior to renovation; and retain and make available to EPA, if requested, all records necessary to demonstrate compliance with 40 C.F.R. Part 745, Subpt. E, for a period of 3 years following completion of the renovation activities in pre-1978 housing.

  13. Violation of a rule issued under Title IV of TSCA is a prohibited act under Section 409 of TSCA, 15 U.S.C. § 2689.

  14. Section 17(a) of TSCA, 15 U.S.C. § 2616(a), provides district courts jurisdiction to restrain any violation of Section 409 of TSCA, 15 U.S.C. § 2689.

### CLAIMS FOR RELIEF

  15. The foregoing allegations are re-alleged and incorporated by reference.

  16. Defendant is a "person" and a "firm" within the meaning of 40 C.F.R. § 745.83.

  17. Defendant violated Sections 402(c), 406(b), and 407 of TSCA and its implementing regulations by failing to retain for a period of 3 years following completion of the renovation activities, and failing to make available to EPA when requested, all records necessary to demonstrate compliance with 40 C.F.R. § 745.84(a)(1) (proof that pamphlet was provided); 40 C.F.R. § 745.86(b)(1) (documentation of lead test kit use and results); 40 C.F.R. § 745.86(b)(6) (documentation that certified renovator was assigned); 40 C.F.R. § 745.86(b)(6) (certification of

compliance documentation); 40 C.F.R. § 745.86(b)(6)(i) (on the job training for workers); 40 C.F.R. § 745.86(b)(6)(v) (documentation of compliance with work practice standards); 40 C.F.R. § 745.86(b)(6)(viii) (documentation of post-cleaning verification) at the following compensated renovations:

    a.    Renovations conducted at the following locations pursuant to contracts with Defendant's Alton, Illinois store: West Mulberry Street, Jerseyville, IL; West Henry Street, Jerseyville, IL;, Alby Street, Alton, IL; Hollow Avenue, Jerseyville, IL; College Street, Madison, IL; Alpha Drive, Godfrey, IL; East Acton Avenue, Wood River, IL; Clawson Street, Alton, IL; Harnett Avenue, Wood River, IL; East Lorena Avenue, Wood River, IL; East Jennings Avenue, Wood River, IL; and Main Street, Alton, IL;

    b.    Renovations conducted at the following locations pursuant to contracts with Defendant's Kent, Ohio store: Junior Avenue, Akron, OH; Depeyster Street, Kent, OH; Elmwood Street, Cuyohoga Falls, OH; Rellim Street, Kent, OH; Southeast Avenue, Tallmadge, OH; Prentiss Street, Munroe Falls, OH; Louise Street, Mogadore, OH; Castle Boulevard, Akron, OH; Congo Street, Akron, OH; Adelaide Boulevard, Akron, OH; Sycamore Street, Ravenna, OH; Newton Street, Akron, OH; Ernest Drive, Tallmadge, OH; State Route 225, Atwater, OH; State Route 43, Mogadore, OH; Temple Avenue, Kent, OH; Standing Rock Street, Kent, OH; Ford Avenue, Akron, OH; Hartville Road, Mogadore, OH; and Pickwick Lane, Tallmadge, OH;

    c.    Renovations conducted at the following location pursuant to a contract with Defendant's Trotwood, Ohio store:  Vina Villa Avenue, Dayton, OH;

   d.      Renovations conducted at the following locations pursuant to contracts with Defendant's Bedford, New Hampshire store: Ministerial Branch, Bedford, NH; Wire Road, Merrimack, NH; Raymond Drive, Merrimack, NH; Holly Hill Road, Amherst, NH; and Church Road, Bedford, NH;

   e.      Renovations conducted at the following location pursuant to a contract with Defendant's Southington, Connecticut store: North Main Street, Terryville, CT;

   f.      Renovations conducted at the following locations pursuant to contracts with Defendant's South Burlington, Vermont store: North Williston Road, Williston, VT; and Richmond Drive, Shelburne, VT;

   g.      Renovations conducted at the following locations pursuant to contracts with Defendant's Rochester, New York store: Southampton Drive, Rochester, NY; Conrad Drive, Rochester, NY; Red Rock Road, Rochester, NY; Loughton Drive, Webster, NY; Dunning Avenue, Webster, NY; and Selborne Chase, Fairport, NY;

   h.      Renovations conducted at the following locations pursuant to contracts with Defendant's Savannah, Tennessee store: Saltillo Road, Morris Chapel, TN; and South Maple Street, Adamsville, TN;

   i.      Renovations conducted at the following locations pursuant to contracts with Defendant's Lebanon, Tennessee store: Foxall Street, Hartsville, TN; Highland Park Street, Lebanon, TN; Winwood Drive, Lebanon, TN; Cainsville Road, Lebanon, TN; and Church Avenue, Watertown, TN;

j.       Renovations conducted at the following locations pursuant to contracts with Defendant's Boise, Idaho store: Cree Way, Boise, ID; and Harrison Boulevard, Boise, ID;

k.       Renovations conducted at the following locations pursuant to contracts with Defendant's Idaho Falls, Idaho store: Maple Drive, Rexburg, ID; North 4600 East Street, Rigby, ID; West Third North Street, Rigby, ID; and South Skyline Street, Idaho Falls, ID;

l.       Renovations conducted at the following location pursuant to a contract with Defendant's Nampa, Idaho store: Blaine Street, Nampa, ID; and

m.       Renovations conducted at the following locations pursuant to contracts with Defendant's Muldoon, Alaska store: Donald Place, Eagle River, AK; Songbird Drive, Chugiak, AK; Grace Street, Chugiak, AK; Apollo Drive, Anchorage, AK; Markstrom Drive, Anchorage, AK; Spruce Crest Drive, Chugiak, AK; Fredricks Drive, Anchorage, AK; Nizki Circle, Anchorage, AK; Vigor Circle, Anchorage, AK; and Brink Drive Anchorage, AK.

18.    Defendant violated Section 406(b) of TSCA and its implementing regulations by failing to comply with work practice standards set forth in 40 C.F.R. § 745.85(a)(2)(ii)(C) (requiring plastic sheeting on floors in work area) and 40 C.F.R. § 745.85(a)(5) (cleaning work area) at the following compensated renovations:

a.       The renovation conducted at the following location pursuant to a contract with Defendant's Alton, Illinois store: West Mulberry Street, Jerseyville, IL;

b.       The renovation conducted at the following location pursuant to a contract with Defendant's Kent, Ohio store: Pickwick Lane, Tallmadge, OH; and

c.     The renovation conducted at the following location pursuant to a contract with Defendant's Trotwood, Ohio store: Vina Villa Avenue, Dayton, OH.

19.    As provided in Sections 17 and 409 of TSCA, 15 U.S.C. §§ 2616 & 2689, the violations set forth above subject Defendant to injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, the United States respectfully requests that this Court:

i.     Issue a declaratory judgment finding that Defendant failed to comply with TSCA and its implementing regulations;

ii.    Issue an order requiring that Defendant comply with TSCA and its implementing regulations; and

iii.   Provide for any and all other relief that this Court deems just and proper.

Respectfully submitted,

FOR THE UNITED STATES OF AMERICA

ROBERT G. DREHER
Acting Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

JAMES D. FREEMAN
Senior Attorney
Environmental Enforcement Section
United States Department of Justice
999 18th Street
South Terrace, Suite 370
Denver, CO 80202
Tel: (303) 844-1489
Fax: (303) 844-1350
james.freeman2@usdoj.gov

STEPHEN R. WIGGINTON
United States Attorney

/s/ Nathan D. Stump
NATHAN D. STUMP
Assistant United States Attorney
9 Executive Drive
Fairview Heights, IL 62208
(618) 628-3700
nathan.stump@usdoj.gov

OF COUNSEL:

ERIN SAYLOR
MORGAN ROG
Waste and Chemical Enforcement Division
Office of Civil Enforcement
Office of Enforcement and Compliance Assurance
United States Environmental Protection Agency
Washington, DC 20460

MARY T. McAULIFFE
Associate Regional Counsel
U.S. Environmental Protection
 Agency, Region 5
77 West Jackson Boulevard
Chicago, IL 60604-3590