UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:25-cv-09324-CV-RAO |
| | ) | |
| LOWE'S HOME CENTERS, LLC | ) | |
| (f/k/a Lowe's Home Centers, Inc. and | ) | |
| Lowe's HIW, Inc.), | ) | |
| | ) | |
| Defendant. | ) | |

## **SECOND CONSENT DECREE**

**TABLE OF CONTENTS**

I.      JURISDICTION AND VENUE ................................................................. 2

II.     SUBJECT OF THE SECOND CONSENT DECREE.............................. 3

III.    APPLICABILITY ..................................................................................... 3

IV.     DEFINITIONS.......................................................................................... 4

V.      PENALTY ................................................................................................. 8

VI.     COMPLIANCE REQUIREMENTS......................................................... 9

VII.    MONITORING AND REPORTING REQUIREMENTS....................... 22

VIII.   STIPULATED PENALTIES .................................................................. 26

IX.     INTEREST ............................................................................................. 31

X.      FORCE MAJEURE ............................................................................... 31

XI.     DISPUTE RESOLUTION ..................................................................... 34

XII.    INFORMATION COLLECTION AND RETENTION ......................... 36

XIII.   EFFECT OF SETTLEMENT ................................................................ 38

XIV.    COSTS ................................................................................................... 40

XV.     NOTICES............................................................................................... 40

XVI.    EFFECTIVE DATE ............................................................................... 41

XVII.   RETENTION OF JURISDICTION ....................................................... 41

XVIII.  MODIFICATION .................................................................................. 41

XIX.    TERMINATION.................................................................................... 42

XX.     26 U.S.C. § 162(f)(2)(A)(ii) IDENTIFICATION.................................. 43

XXI.    PUBLIC PARTICIPATION .................................................................. 43

XXII.   SIGNATORIES ..................................................................................... 43

XXIII.  INTEGRATION .................................................................................... 44

XXIV.   FINAL JUDGMENT ............................................................................. 44

XXV.    EXHIBITS ............................................................................................. 44

WHEREAS, Plaintiff United States of America ("United States"), on behalf of the United States Environmental Protection Agency ("U.S. EPA"), filed a Complaint in this action on April 17, 2014, alleging, *inter alia*, that at properties identified in the Complaint Lowe's Home Centers, LLC (f/k/a Lowe's Home Centers, Inc and Lowe's HIW, Inc.) ("Lowe's" or "Defendant") violated Sections 402(c), 406(b), 407, and 409 of Title IV of the Toxic Substances Control Act ("TSCA"), 15 U.S.C. §§ 2682(c), 2686(b), 2687, 2689, and certain provisions of U.S. EPA's Lead Renovation, Repair and Painting Rule promulgated thereunder and codified at 40 C.F.R. Part 745, Subpart E ("RRP Rules");

WHEREAS, on August 29, 2014, the Court entered a Consent Decree agreed to by the parties resolving all the violations alleged in the Complaint ("2014 Consent Decree");

WHEREAS, the 2014 Consent Decree included certain compliance requirements related to the RRP Rules;

WHEREAS, the case was transferred to the Central District of California, which has continuing jurisdiction over the matter;

WHEREAS, the United States alleges that Lowe's has violated the RRP Rules and the 2014 Consent Decree and further alleges that Lowe's is subject to civil penalties under Section 16 of TSCA, 15 U.S.C. § 2615, and stipulated penalties under the 2014 Consent Decree;

WHEREAS, Lowe's denies the allegations that it did not comply with the RRP Rules or the 2014 Consent Decree and that it is subject to civil and stipulated penalties, and contends that it has substantially developed its RRP compliance program since the 2014 Consent Decree was entered, and intends to continue improving its RRP compliance program in a manner mutually beneficial to Plaintiff, Lowe's, and the public;

WHEREAS, the parties agree that the compliance requirements, set forth in Section VI of this Second Consent Decree, will further Lowe's RRP Rule compliance efforts;

WHEREAS, the Second Consent Decree resolves the United States' claims for penalties, stipulated penalties, and injunctive relief under the 2014 Consent Decree, the Toxic Substances Control Act, 15 U.S.C. § 2601 *et seq.*, and the RRP Rules as set forth in Paragraph 57 of this Second Consent Decree;

WHEREAS, the Second Consent Decree replaces the 2014 Consent Decree in its entirety, and upon entry of the Second Consent Decree by the Court, the 2014 Consent Decree is no longer in force as set forth in Paragraph 56 of this Second Consent Decree;

WHEREAS, subject to the requirements in Section XXI (Public Participation), below, Plaintiff and Defendant consent to entry of this Second Consent Decree without trial of any issues; and

WHEREAS, the Parties recognize, and the Court by entering this Second Consent Decree finds, that this Second Consent Decree has been negotiated by the Parties in good faith, will avoid litigation between the Parties, and is fair, reasonable, and in the public interest.

NOW, THEREFORE, before the taking of any testimony, without the adjudication or admission of any issue of fact or law except as provided in Section I, and with the consent of the parties, IT IS HEREBY ADJUDGED, ORDERED, AND DECREED as follows:

## I.  **JURISDICTION AND VENUE**

1.     Solely for the purposes of entry of this Second Consent Decree, or any action to enforce this Decree, Defendant consents to the Court's jurisdiction over this Decree and any such action, and to venue in this judicial district except as otherwise provided in this Decree.

2.      Solely for purposes of entry of this Second Consent Decree, Defendant agrees that the Complaint states claims upon which relief may be granted pursuant to 15 U.S.C. § 2616 and 28 U.S.C. § 1355.

## II.  SUBJECT OF THE SECOND CONSENT DECREE

3.      This Second Consent Decree concerns the RRP Rules, which require that firms performing certain renovation, repair, and painting projects for compensation, which disturb lead-based paint in homes and child-occupied facilities built before 1978, must be certified by U.S. EPA or a U.S. EPA-authorized State or Tribal program, and must use Certified Renovators who comply with the RRP Rules.

## III.  APPLICABILITY

4.      The obligations of this Second Consent Decree apply to and are binding upon the Plaintiff and upon Defendant and any successors, assigns, or other entities or persons otherwise bound by law.

5.      No change in corporate status or ownership of Defendant shall affect Defendant's obligations under this Second Consent Decree.  At least thirty (30) Days prior to transferring ownership of any part of the installation services business of Lowe's Home Centers, LLC, Defendant shall give notice of the terms of this Second Consent Decree to the prospective owner or operator of that entity or portions thereof, and shall simultaneously verify to U.S. EPA in writing, in the manner set forth in Section XV (Notices), that such notice has been given.  No such sale or transfer shall relieve Defendant of any obligation required to be completed by Section VI herein prior to the closing date of the sale or transfer, unless agreed to in writing by the United States and approved by the Court.

6.      Within thirty (30) Days after entry of this Second Consent Decree, Defendant shall provide a copy of this Second Consent Decree to the Senior RRP Compliance Manager, as herein defined, and provide a copy of Section VI (Compliance Requirements) or a written summary of the requirements in Section VI (Compliance Requirements) of this Second Consent Decree to its regional and area field service installation services employees whose duties reasonably include compliance with Section VI of this Second Consent Decree.

7.      In any action to enforce this Second Consent Decree, Defendant shall not raise as a defense the failure by any of its officers, directors, employees, agents, or contractors (including Installers and/or Renovators) to take any actions necessary to comply with the provisions of this Second Consent Decree, except in accordance with the provisions of Section X (Force Majeure), below.

## IV.  DEFINITIONS

8.      Unless otherwise expressly stated, the terms used in this Second Consent Decree that are defined in TSCA or 40 C.F.R. Part 745 shall have the meanings set forth in such definitions.  Whenever the terms set forth below are used in this Second Consent Decree, the following definitions shall apply:

a.      "Certified Firm" shall mean a Firm that has applied for and received a certification under the RRP Rules from U.S. EPA or from a State or Tribe authorized to administer the RRP Rules.

b.      "Certified Renovator" shall have the same meaning as certified renovator within the definition of "Renovator" at 40 C.F.R. § 745.83.

-4-

c.      "Common Areas" shall mean those portions of a building generally accessible to residents/users, including but not limited to hallways, stairways, laundry and recreational rooms, playgrounds, community centers, garages, and boundary fences.

d.      "Customer" is a person that has a Customer Contract with Defendant.

e.      "Customer Contract" shall mean a written agreement between Defendant and a customer for any project that involves a Renovation as defined in 40 C.F.R. § 745.83.

f.      "Day" shall mean a calendar day unless expressly stated to be a Business Day. "Business Day" shall mean a day other than a Saturday, Sunday or federal holiday.  In computing any period of time under this Second Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period will run until the close of business of the next Business Day.

g.      "Defendant" shall mean Lowe's Home Centers, LLC, formerly known as Lowe's Home Centers, Inc. and Lowe's HIW, Inc.

h.      "Firm" means a company, partnership, corporation, sole proprietorship, or individual doing business, association, or other business entity, a Federal, State, Tribal, or local government agency, or a non-profit organization.

i.      "Fiscal Quarter" shall mean the four quarters of the fiscal year of the Defendant, which begins on the first day of February of a given year (e.g., February 1, 2024) and for the avoidance of doubt are as follows:  Q1 February - April; Q2 May - July; Q3 August - October; Q4 November - January.

j.      "Government Agency" shall mean a Federal, State, Tribal/Territorial, or local agency with authority and interests pertinent to the purpose, function, and compliance with the RRP Rules.

k.      "Installer" shall mean a Person that contracts with Defendant to perform a Renovation as defined in 40 C.F.R. § 745.83, including but not limited to a Certified Firm, or sole proprietor Certified Renovator who is also a Certified Firm, that has so contracted with Defendant.

l.      "Interest" shall mean interest pursuant to 28 U.S.C. § 1961.

m.      A "Lead Project" shall mean a Renovation performed in Target Housing or a Child-Occupied Facility by an Installer pursuant to a Customer Contract.

n.      "Pamphlet" shall mean the U.S. EPA pamphlet titled "The Lead-Safe Certified Guide to Renovate Right," GPO Document #EPA-740-K-10-001, rev. 9/2011, and developed under Section 406(a) of TSCA for use under Section 406(b) of TSCA, as may be updated by U.S. EPA or the Defendant from time to time.  This includes reproductions of the pamphlet when copied in full and without revision or deletion of material from the pamphlet (except for the addition or revision of State or local sources of information or the addition of other information added by Defendant, such as a helpline or contact information).

o.      "Paragraph" shall mean a portion of this Second Consent Decree identified by an Arabic number and/or lower case letter.

p.      "Parties" shall mean the United States of America and Defendant.

q.      "Renovation" shall mean the modification of any existing structure, or portion thereof, that results in the disturbance of painted surfaces, as defined by 40 C.F.R. § 745.83, unless that activity is performed as part of an abatement as defined by 40 C.F.R. § 745.223, except that the term Renovation does not include minor repair and maintenance activities as defined by 40 C.F.R. § 745.83.

r.     "RRP Rules" shall mean U.S. EPA's Lead Renovation, Repair and Painting Rule set forth at 40 C.F.R. Part 745, Subpart E.

s.     "Second Consent Decree" or "Decree" shall mean this Second Consent Decree and Exhibits A through E hereto, and all modifications of this Second Consent Decree provided such modifications were made pursuant to Section XVIII (Modification) of this Second Consent Decree. The requirements of Exhibits A through E of this Second Consent Decree are incorporated herein by reference and made a directly enforceable part of this Second Consent Decree.

t.     "Section" shall mean a portion of this Second Consent Decree identified by a Roman numeral.

u.     "Subcontractor" shall mean a Person that is under contract with an Installer and is retained by the Installer. A Person under contract with a Subcontractor as defined in the previous sentence shall also be a Subcontractor.

v.     "Target Housing" shall mean any housing constructed prior to 1978, except housing for the elderly or persons with disabilities (unless any child who is less than 6 years of age resides or is expected to reside in such housing) or any 0-bedroom dwelling, as defined in 40 C.F.R. § 745.103.

w.     "TSCA" means the Toxic Substances Control Act, 15 U.S.C. §§ 2601 to 2697.

x.     "U.S. EPA" shall mean the United States Environmental Protection Agency and any of its successor departments or agencies.

y.     "United States" shall mean the United States of America acting on behalf of the U.S. EPA.

## V.  **PENALTY**

9.       Within thirty (30) Days after the Effective Date of this Second Consent Decree, Defendant shall pay a total civil penalty of $12,500,000, together with Interest accruing from the date on which the Second Consent Decree is lodged with the Court, at the rate specified in 28 U.S.C. § 1961 as of the date of lodging.

10.       Defendant shall make the payment identified in Paragraph 9 by FedWire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice in accordance with written instructions to be provided to Defendant, following entry of the Second Consent Decree, by the Financial Litigation Unit of the U.S. Attorney's Office in the Central District of California. At the time of payment, Defendant shall send a copy of the EFT authorization form and the EFT transaction record, together with a transmittal letter, which shall state that the payment is for the penalty owed pursuant to the Second Consent Decree in *United States of America v. Lowe's Home Centers, LLC*, and shall reference the civil action number and DOJ case number 90-5-1-1-10673, to the United States in accordance with Section XV (Notices) of this Second Consent Decree; to EPA via email at cinwd_acctsreceivable@epa.gov or via regular mail at EPA Cincinnati Finance Office, 26 W. Martin Luther King Drive, Cincinnati, Ohio 45268; to EPA in accordance with Section XV (Notices); and to DOJ via email in accordance with Section XV (Notices).

11.       Defendant shall not deduct the penalty, or any Interest or stipulated penalties, paid to the Plaintiffs under this Second Consent Decree from its federal income taxes, and this Second Consent Decree does not in any way release Defendant from any claims arising under Title 26 of the United States Code.

### VI.  COMPLIANCE REQUIREMENTS

12.      Defendant shall comply with all applicable requirements of Sections 402(c), 406(b), 407, and 409 of TSCA and their implementing regulations.

13.      RRP Firm Certification.  Defendant shall retain and timely renew its RRP Firm Certification as set forth in 40 C.F.R. § 745.89.

14.      Senior RRP Compliance Manager.  No later than the Effective Date of the Second Consent Decree, Defendant shall designate an individual employed by Defendant, at least at the level of a Senior Director (a position that reports to a Vice President or equivalent or above a Vice President), and who has knowledge of the RRP Rules, to serve as the Defendant's "Senior RRP Compliance Manager."  The identity of the Senior RRP Compliance Manager is subject to change without the approval of U.S. EPA or the Court and shall be communicated to U.S. EPA by providing notice in the next Periodic Report after a change is made as provided for in Paragraph 22 below.

15.      Age of Property.  Within ninety (90) Days of the Effective Date of the Second Consent Decree, the Defendant will certify that it uses third-party software to query public records and other information regarding the year built date of the property to automatically determine and upload the year of construction for each property where Defendant has entered into a Customer Contract to conduct a Renovation.  Defendant shall submit this certification that it uses third-party software in its initial Periodic Report required by Paragraph 22.  If Defendant or Installer cannot establish the year built date of the property based on the third-party software, the Installer or Subcontractor may determine the age of home using publicly available records, documentation provided by the Customer, or an assessment of the property by the Installer, Subcontractor, or an independent Third Party, and will document the basis for their

determination in Defendant's project management system.  If the Defendant, Installer, or Subcontractor cannot establish the year built date of the property by third-party software, publicly available records, documentation provided by the Customer, or an assessment of the property by the Installer, Subcontractor, or an independent Third Party, the Installer or Subcontractor conducting the Renovation shall assume that the property involved in the Renovation was built before 1978.

16.    Customer Notification Requirements.

a.    Website Posting.  Within thirty (30) Days of the Effective Date of the Second Consent Decree, Defendant shall submit to U.S. EPA a certification, in the manner set forth in Section XV (Notices) of the Second Consent Decree, and signed by the Senior RRP Compliance Manager, that Defendant has included a link to the page on U.S. EPA's website that provides information on lead-safe work practices (currently at http://www.epa.gov/lead/renovation-repair-and-painting-program) at an appropriate location on its public internet website.

b.    Delivery of Pamphlet.  Within thirty (30) Days of the Effective Date of the Second Consent Decree, the Defendant shall comply with the requirements of this subparagraph and Exhibit A ("Policy for Delivery or Attempted Delivery of Renovate Right Pamphlet"):

i.    Delivery of Pamphlet to Customer.  Obtain and retain, before the commencement of a Lead Project (but no more than sixty (60) Days before), a signed and dated receipt or other documentation from the Customer denoting delivery of the Pamphlet to the Customer or documentation reflecting the attempted delivery of the Pamphlet (such as a certificate of mailing).  Defendant may comply with this provision by obtaining and retaining electronic documentation collected by the Installer denoting timely delivery or attempted delivery of the Pamphlet from Defendant or the Installer or

Subcontractor performing the Lead Project.

    ii.      <u>Delivery of Pamphlet to Occupant Other than Customer</u>.  If the Lead Project is in a dwelling unit of Target Housing or in a Child-Occupied Facility that is not occupied by the Customer, Defendant, after completing the age of property query described in Paragraph 15 and receiving confirmation or assuming that the property subject to the Renovation was built before 1978, may request that the Customer provide contact information for the adult occupant of such Target Housing unit or an adult representative of such Child-Occupied Facility.  Defendant may rely upon the contact information provided by the Customer in order to attempt to obtain and retain a signed and dated receipt from the adult occupant of such Target Housing unit, or an adult representative of such Child-Occupied Facility, prior to commencing any Lead Project (but no more than sixty (60) Days before the commencement of the Lead Project) or other documentation denoting delivery of the Pamphlet to the adult occupant or adult representative (such as a certificate of mailing) or certification that obtaining a written acknowledgement from an adult occupant was unsuccessful, consistent with the requirements in <u>40 C.F.R. § 745.84</u>.  Defendant may comply with this provision by obtaining and retaining electronic documentation collected by the Installer denoting timely delivery or attempted delivery of the Pamphlet by Defendant or the Installer or Subcontractor performing the Lead Project.

    iii.      <u>Delivery of Pamphlet for Lead Projects in Common Areas</u>.  If Lowe's installation services program includes Lead Projects in Common Areas, Defendant shall develop procedures to direct Installers to obtain and retain information, consistent with the requirements in <u>40 C.F.R. § 745.84(b)</u>, denoting that an Installer or Subcontractor

performing the Lead Project provided the Pamphlet to the owner of the multi-unit Target

Housing; notified in writing each affected unit of the Lead Project and changes to the

Lead Project, or posted informational signs while the Lead Project is ongoing; and made

the Pamphlet available.

  iv.  Institute procedures, as set forth in Exhibit A, that require Defendant, or

the Installer or Subcontractor performing a Lead Project, to document the

acknowledgment of receipt or attempted delivery of the Pamphlet (such as a certificate of

mailing) as required by Paragraph 16.b.i to iii, and provide such documentation in

Lowe's electronic management system within thirty (30) Days after an Installer notifies

Defendant that the Installer or Subcontractor has completed a Lead Project.

  c.  <u>Checklist</u>.  Within thirty (30) Days of the Effective Date of the Second Consent

Decree:

  i.  Defendant shall, upon completion of a Lead Project, require the Installer

or Subcontractor to complete fields in Lowe's electronic project management system,

which when rendered as a document shall include the information found in the Checklist

attached to this Second Consent Decree as Exhibit B ("Checklist").  Within thirty (30)

Days of completion of a Lead Project, Defendant shall transmit a copy of the completed

Checklist to the Customer via electronic delivery, provided the Customer gave Defendant

a valid email address related to the Lead Project.  If the Customer has not provided an

email address, Defendant shall mail or otherwise deliver a copy of the completed

Checklist to the Customer.  If the Lead Project is in a dwelling unit of Target Housing or

in a Child-Occupied Facility that is not occupied by the Customer, Defendant shall

transmit a copy of the completed Checklist to the adult occupant of a Target Housing unit

-12-

or an adult representative of a Child-Occupied Facility and may use contact information

provided to Defendant pursuant to Paragraph 16.b.ii or other contact information for the

adult occupant or adult representative.  If the Customer or adult occupant informs

Defendant that they did not receive a copy of the completed Checklist, Defendant shall

provide the Checklist at the Customer's or adult occupant's request; if the Installer or

Subcontractor has not submitted the completed Checklist to Defendant, the Defendant

shall institute the procedures set forth in Exhibit C.

     ii.     Defendant has developed and implemented an electronic version of the

Checklist set forth in Exhibit B, which Defendant may revise from time to time.

Defendant shall provide such updated Checklist in physical and/or electronic form to its

Installers within thirty (30) Days of U.S. EPA's approval of any material substantive

changes.  For the avoidance of doubt, changes that are not materially substantive,

including formatting and technology driven changes, shall not require the prior written

approval of U.S. EPA and may be immediately communicated to Installers.

     iii.     Within thirty (30) Days of the Effective Date, Defendant shall implement

a procedure, as set forth in Exhibit C ("Policy on Delivery of Completed Checklist"), by

which Defendant will inform Defendant's Customers of the following: (1) upon

completion of the Renovation, the Installer or Subcontractor will complete a digitized

version of the Checklist; (2) Defendant shall provide a copy of the completed Checklist

via electronic mail to the Customer, provided the Customer gave Defendant a valid email

address for the Lead Project, or by mailing or other delivery; (3) if the Lead Project is in

a dwelling unit of Target Housing or in a Child-Occupied Facility that is not occupied by

the Customer, Defendant shall transmit a copy of the completed Checklist to the adult

occupant of a Target Housing unit or an adult representative of a Child-Occupied Facility using the contact information provided to Defendant pursuant to Paragraph 16.b.ii or by otherwise mailing a copy of the competed Checklist to the non-owner occupant or adult representative; and (4) if the Customer does not receive a copy of the Checklist or if the Installer fails to provide the Customer or adult occupant with a copy of the completed Checklist, then the Customer or adult occupant may contact Defendant to request a copy of the Checklist, and Defendant shall provide a copy of the Checklist to the Customer, adult occupant, or adult representative as completed by the Installer or Subcontractor, provided that the Installer or Subcontractor has completed the necessary fields in Lowe's electronic project management system, which when rendered as a document shall include the information found in the completed Checklist.

d.      Upon the Effective Date of the Second Consent Decree, Defendant shall only use a Third Party to sell Lead Projects on its behalf if the Third Party is a Certified Firm and is provided with information prepared by Defendant periodically regarding the RRP Rule.  For the purposes of this Paragraph and Paragraph 18, "Third Party" means any party other than those included in the definition of "Defendant" in Paragraph 8.g.

e.      Within sixty (60) Days of the Effective Date, for Lead Projects sold by a Third Party on Defendant's behalf, Defendant will require that the Third Party comply with the procedures in Paragraph 16.b and Paragraph 16.c.

17.      Lead Testing.  Upon the Effective Date of the Second Consent Decree, for all Lead Projects where an Installer or a Subcontractor conducts lead testing, Defendant shall require the Installer or Subcontractor to conduct lead testing, as set forth in the RRP Rules, and complete the lead testing fields included in the Lead Testing Information section of the Checklist

-14-

found in Lowe's electronic management system; provided, however, that lead testing is not required for those Lead Projects where the presence of lead is assumed.  The phrase "where the presence of lead is assumed" shall mean for the purposes of this Second Consent Decree, situations where Installers and Subcontractors assume the presence of lead paint in Target Housing or a Child-Occupied Facility, and comply with all of the RRP Rules as if there had been a positive lead test.

18.    Certified Firms and Certified Renovators.

a.    Upon the Effective Date of the Second Consent Decree, except for portions of Lead Projects that are not subject to the requirements of the RRP Rules, Defendant shall contract with Certified Firms (including sole proprietor Certified Renovators who are also Certified Firms) for Lead Projects as required by 40 C.F.R. § 745.85(a) and 40 C.F.R. § 745.89(d)). Defendant shall require Installers to assign at least one Certified Renovator to each Lead Project (except for portions of Lead Projects that are not subject to the requirements of the RRP Rules). Defendant shall further require any Installers that subcontract the Lead Project to a Subcontractor to use only Certified Firms to perform any portion of Lead Projects, and assign at least one Certified Renovator to each Lead Project (except for portions of Lead Projects that are not subject to the requirements of the RRP Rules).  For those instances in which Defendant does not select the Installer (e.g., jobs that are sold and installed by a Third Party on Defendant's behalf), Defendant shall require that those Third Parties utilize RRP Certified Firms and Certified Renovators for portions of Lead Projects subject to the requirements of the RRP Rules.

b.    Within thirty (30) Days of the Effective Date of the Second Consent Decree, Defendant shall submit to U.S. EPA a certification, in the manner set forth in Section XV

(Notices) of the Second Consent Decree, and signed by the Senior RRP Compliance Manager, that Defendant has:

     i.    Developed and implemented procedures to track its Installers' Firm certification expiration dates and issue a notice to its Installers ninety (90) Days prior to the expiration date of the Installers' Firm certification.

     ii.    Developed and implemented procedures to suspend or terminate any Installers from performing Lead Projects whose Firm certifications have expired or who are otherwise uncertified until such time that the Installer provides Defendant with evidence that their Firm certification was renewed or obtained.

     iii.    The certification shall describe the aforementioned procedures with sufficient detail.

     c.    Within one hundred eighty (180) Days of the Effective Date of the Second Consent Decree, Defendant shall submit to U.S. EPA a certification, in the manner set forth in Section XV (Notices) of the Second Consent Decree, and signed by the Senior RRP Compliance Manager, that Defendant has:

     i.    Developed procedures, and a timeline for implementation of such procedures, to track its Installers' Renovator certification expiration dates and issue a notice to its Installers ninety (90) Days prior to the expiration date of the Renovator certification.

     ii.    Developed and implemented procedures to suspend or terminate any Installers from performing Lead Projects when no renovators working with the Installer have current Renovator certifications until such time that the Installer provides Defendant with evidence that at least one Renovator certification has been renewed or obtained.

iii.        Developed and implemented procedures to take disciplinary action, which

may include suspension, termination, withholding payment, or fines, against any Installer

that has contracted with a Subcontractor to perform a Lead Project, or any portion thereof

(except for portions of Lead Projects that are not subject to the requirements of the RRP

Rules), and such Subcontractor is not a Certified Firm or does not have a Certified

Renovator assigned to the Lead Project, and report such disciplinary action in the next

Periodic Report required by Paragraph 22, below.

19.    Compliance Investigation and Response Process.

a.    Renovation Complaint Process.  Within thirty (30) Days of the Effective Date of

the Second Consent Decree, Defendant shall establish and implement a process to enable a third

party (e.g., public, Customer, or Government Agency) to contact Defendant with information

concerning Renovations that were completed pursuant to a Customer Contract.  Defendant will

develop a dedicated e-mail address for RRP Inquiries and publish that e-mail address.

b.    Establishment of Installer and Subcontractor Compliance Procedures.  Within

forty-five (45) Days of the Effective Date of the Second Consent Decree, Defendant shall submit

to U.S. EPA a certification, in the manner set forth in Section XV (Notices) of the Second

Consent Decree, and signed by the Senior RRP Compliance Manager, that Defendant has

developed and implemented procedures to investigate and respond to alleged noncompliance

related to the following:  (1) failure by Defendant or an Installer or Subcontractor to provide the

Pamphlet as required by Paragraph 16.b; (2) failure by Defendant or an Installer or

Subcontractor to provide the Checklist as required by Paragraph 16.c; (3) failure by an Installer

or Subcontractor to meet the lead testing requirements of Paragraph 17; and (4) complaints

received from third parties (e.g., the public, Customers, or Government Agencies) pursuant to

Paragraph 19.a, or identified by Defendant pursuant to Paragraph 19.d regarding the failure of

the Defendant or of any of its Installers or Subcontractors to comply with the RRP Rules,

including the failure to comply with lead-safe work practices for Lead Projects.

      c.      <u>Corrective Measures for Potential Installer or Subcontractor Noncompliance</u>.

Once Defendant submits the certification set forth in Paragraph 19.b, Defendant shall undertake

the following corrective measures for noncompliance with the RRP Rules or the compliance

procedures required by this Second Consent Decree by Defendant, an Installer, or a

Subcontractor:

      i.      In instances where Defendant, an Installer, or a Subcontractor failed to

provide the Pamphlet for a Lead Project as required by Paragraph 16.b, Defendant shall

follow the applicable procedures set forth in Exhibits D ("Policy on Installer Disciplinary

Procedures") and E ("Policy on LRRP Customer Complaint Process") to this Second

Consent Decree.

      ii.      In instances where Defendant, an Installer, or a Subcontractor failed to

provide the Checklist to the owner, and if different, an adult occupant, as required by

Paragraph 16.c, Defendant will follow the applicable procedures set forth in Exhibits C

("Policy on Delivery of Completed Checklist"), D, and E to this Second Consent Decree.

      iii.      In instances where an Installer or a Subcontractor failed to meet the lead

testing requirements of Paragraph 17, Defendant will follow the applicable procedures set

forth in Exhibits C, D, and E to this Second Consent Decree.

      iv.      In instances where an Installer or a Subcontractor conducting a Lead

Project (except for portions of Lead Projects that are not subject to the requirements of

the RRP Rules) was not a Certified Firm or did not use a Certified Renovator as required

-18-

by Paragraph 18.a, Defendant will follow the applicable procedures set forth in Exhibits C, D, and E to this Second Consent Decree.

v.       In all other instances of suspected non-compliance with requirements of the RRP Rules or this Second Consent Decree (i) identified by a Customer complaint to the Defendant's dedicated e-mail, (ii) identified to Lowe's by a Government Agency, (iii) identified during a jobsite inspection Defendant performs pursuant to Paragraph 19.d, or (iv) identified during a records review, Defendant will follow the applicable procedures set forth in Exhibits C, D, and E to this Second Consent Decree as appropriate.

d.     Jobsite Inspections.  Starting in the Defendant's first full Fiscal Quarter after the Effective Date of the Second Consent Decree, Defendant or a qualified consultant hired by Defendant shall conduct jobsite inspections ("JSIs") as follows:

i.       Conduct at least 4,000 JSIs per year (in a 12-month period) of projects involving pre-1978 housing, provided Defendant can request that EPA agree to adjust the per year number based upon changes in Defendant's installation services program.

ii.       As part of the JSIs, review the projects for RRP compliance, including, as applicable:

1.       Verifying there is at least one Certified Renovator on-site or available who has provided required on-the job training if there is more than one person conducting a Lead Project (except for portions of a Lead Project that are not subject to the requirements of the RRP Rules);

2.       Verifying Firm Certification;

-19-

3.      Accurately completing records for Pamphlet distribution as described in Paragraph 16.b, the Checklist as described in Paragraph 16.c, and lead testing as described in Paragraph 17;

4.      Observing Installers' (and their Subcontractors' if applicable) compliance with lead-safe work practices; and

5.      Properly documenting any exception to the RRP Rules, such as the Minor Repair and Maintenance Activities Exception, for projects that do not meet the definition of a Renovation.

iii.      JSIs will be conducted by individuals who are RRP certified and knowledgeable of the provisions of the RRP Rules.

iv.      Defendant shall implement training, corrective action, and disciplinary action as appropriate where Defendant identifies in a JSI non-compliance with any RRP Rules or the requirements of this Second Consent Decree.

20.      <u>RRP Educational Program</u>.

a.      Within twelve (12) months of the Effective Date of the Second Consent Decree, Defendant shall implement an RRP educational program that provides information that is consistent with the requirements of the RRP Rules and includes the following:

i.      <u>Promote Educational Materials In-Store</u>. Make written educational materials available through a display that contains a Quick Response code, otherwise known as a "QR Code."  In state or local jurisdictions where specific information pertaining to Lead Safe Work Practices is required to be posted in-store, satisfaction of that state or local requirement shall be deemed to satisfy the obligations of this Paragraph (Paragraph 20.a.i).

-20-

ii.　　　Do-It-Yourself Customers. Defendant will develop written and videographic educational materials dedicated to Defendant's do-it yourself customers. The materials will include information that describes U.S. EPA's RRP requirements as well as a video regarding Lead Safe Work Practices. For a period of not less than twelve (12) months, Defendant will make educational materials available through a link (and, in particular, the posting of the video) on Lowe's website, and will allow this video to be available as a public domain video.

iii.　　　Professional and Contractor Customers. Defendant will develop written and videographic educational materials dedicated to Defendant's Installers that describe the U.S. EPA's RRP requirements and will do the following:

1.　　　Promote Educational Materials on the Internet. Include a reference to U.S. EPA's training and certification website at

https://www.epa.gov/lead/renovation-repair-and-painting-program-contractors.

Defendant will also provide a link to the educational information and videos on Defendant's website for a period of not less than twelve (12) months, and will allow this information and these videos to be available for public viewing and use.

2.　　　Electronic Direct Mail. Complete an electronic mailing of the educational materials to a current list of Installers.

21.　　　Recordkeeping Requirements. Upon the Effective Date of the Second Consent Decree, for a period of three (3) years following the completion of each Renovation, Defendant shall retain and make available to EPA upon request each Checklist prepared pursuant to Paragraph 16.c identified by EPA in such request.

### VII.  MONITORING AND REPORTING REQUIREMENTS

22.    Periodic Reports.

a.    Defendant shall submit to U.S. EPA three (3) years of semi-annual Periodic Reports, thus spanning six (6) "Reporting Periods," or until this Second Consent Decree terminates in accordance with Section XIX (Termination).  The first Reporting Period shall begin upon the Effective Date of the Second Consent Decree and conclude six (6) months thereafter.  The five (or more) subsequent Reporting Periods shall likewise extend for a period of six (6) months each.  Within forty-five (45) Days after the conclusion of each Reporting Period, Defendant shall submit to U.S. EPA, in the manner set forth in Section XV (Notices) of the Second Consent Decree, a Periodic Report.

b.    In the initial Periodic Report referenced above, Defendant shall submit to the U.S. EPA a Report that states or documents that: (1) its RRP Firm Certification remains current as required in Paragraph 13; (2) the Senior RRP Compliance Manager was selected, the name and title, and current RRP Renovator Certification number of the individual selected, and the date of the designation, as provided in Paragraph 14; (3) Defendant is determining the year built of property involved in a Renovation as required by Paragraph 15; (4) Defendant is providing the Pamphlet and is retaining records as required by Paragraph 16.b; (5) Defendant is requiring completion of the digitized Checklist by Installers or Subcontractors as required by Paragraph 16.c; and (6) Defendant is requiring its Installers or Subcontractors to perform lead testing (or assuming the presence of lead) as required by Paragraph 17.

c.    Each Periodic Report shall include information about the following:

    i.        Confirmation that Defendant has included a link on its website to the page on U.S. EPA's website that provides information on lead-safe work practices (currently at http://www.epa.gov/lead/renovation-repair-and-painting-program);

    ii.       Instances in the Reporting Period where Defendant did not obtain a signed Pamphlet receipt or documentation, or receive a signed Pamphlet receipt from an Installer or Subcontractor for a Lead Project pursuant to Paragraph 16.b and actions that Defendant took in response (including any withholding of payment or fines imposed on the Installer or Subcontractor pursuant to Defendant's discipline policy, where applicable);

    iii.      Instances in the Reporting Period where a Lead Project involved Common Areas and Defendant, an Installer, or a Subcontractor failed to notify in writing each affected unit and make the Pamphlet available, or failed to post informational signs while the Lead Project was ongoing and actions that Defendant took in response (including any withholding of payment or fines imposed on the Installer or Subcontractor pursuant to Defendant's discipline policy, where applicable);

    iv.      Instances in the Reporting Period where Defendant, an Installer, or a Subcontractor did not provide a Customer with a Checklist for a Lead Project pursuant to Paragraph 16.c and actions that Defendant took in response (including any withholding of payment or fines imposed on the Installer or Subcontractor pursuant to Defendant's discipline policy, where applicable);

    v.       Instances in the Reporting Period where an Installer or a Subcontractor failed to meet the lead testing requirements of Paragraph 17 for a Lead Project and actions that Defendant took in response (including any withholding of payment or fines

imposed on the Installer or Subcontractor pursuant to Defendant's discipline policy, where applicable);

vi.        Instances in the Reporting Period where a Lead Project was performed by a person or entity that was not a Certified Firm or Certified Renovator as required under Paragraph 18.a and actions that Defendant took in response (including any withholding of payment or fines imposed on the Installer or Subcontractor pursuant to Defendant's discipline policy, where applicable);

vii.        Information regarding Complaints concerning compliance with the RRP requirements received and investigated by Defendant in the applicable Reporting Period and actions that Defendant took in response (including any withholding of payment or fines imposed on the Installer or Subcontractor pursuant to Defendant's discipline policy, where applicable).  Specifically,

1.        Defendant shall include a summary of the results of its completed inquiries into each Complaint received since the previous Periodic Report was submitted, or, if its inquiry is ongoing, a statement identifying when the inquiry began and that the inquiry is ongoing.  If the inquiry is ongoing, Defendant shall provide a summary of the status of the inquiry in subsequent Periodic Reports until such inquiry is completed;

2.        In any Lead Project where Defendant's inquiry of a Complaint confirms, in Defendant's opinion, a deviation from lead safe work practices by an Installer or Subcontractor, Defendant shall include information regarding that Certified Firm and Certified Renovator (e.g., name, address, certification number); and

-24-

3.  U.S. EPA may request, and Defendant shall not unreasonably withhold, more information about specific Certified Firms and/or Certified Renovators whose actions or inactions lead to a disclosure in a Periodic Report and the actions or inactions that led to the disclosure, including but not limited to specific suspensions, terminations, and/or disciplinary actions referenced in Paragraphs 18.c.ii and iii, and/or more information about Complaint inquiries referenced in Paragraph 19.c.v.

viii.  Defendant shall identify the number of JSIs conducted in the reporting period as required by Paragraph 19.d, and for any JSI that identifies a noncompliance with the RRP Rules, provide the following information: city and state of job; type of job; the noncompliance; steps to correct the noncompliance, if any; and any further actions taken by Defendant in response;

ix.  Defendant shall provide an Excel spreadsheet identifying Installers assigned by Defendant in the Reporting Period for performing Lead Projects, along with Firm certification numbers for those Installers;

x.  Defendant shall provide a summary identifying material actions pursuant to the RRP educational programs required by Paragraph 20;

xi.  Defendant shall provide a sample or link to the RRP educational program material made publicly available during the Reporting Period; and

xii.  Defendant shall provide copies of any updates to Exhibits attached to this Consent Decree.

23.  Each report submitted by Defendant under this Section shall be signed by a Director or Officer and include the following certification:

I certify under penalty of perjury that this document was prepared under my direction or supervision and that the document and all attachments were prepared in accordance with systems designed to assure that qualified personnel, including personnel employed by Lowe's Installers, properly gather and evaluate the information submitted. The systems include Lowe's system for monitoring the RRP certification status of its Installers, Lowe's electronic project management system (which Lowe's uses to manage its Installers' workflow and RRP requirements), a third-party software to query public records and other information regarding the year-built date of a relevant property, the job site inspections, and contractor discipline protocols required under the Second Consent Decree. I certify that Lowe's used these systems throughout the reporting period covered here. Based on a reasonable inquiry, the information submitted is, to the best of my knowledge and belief, true, accurate, and complete. I have no personal knowledge that the information submitted is other than true, accurate, and complete. I am aware that there are significant penalties for knowingly submitting false information, including the possibility of fine and imprisonment.

This certification requirement does not apply to emergency or similar notifications where compliance would be impractical.

24.    The reporting requirements of this Second Consent Decree do not relieve Defendant of any applicable reporting obligations required by TSCA or implementing regulations, or by any other federal, state, or local law, regulation, or permit.

25.    Any information provided to the United States pursuant to this Second Consent Decree may be used by the United States in any proceeding to enforce the provisions of this Second Consent Decree and as otherwise permitted by law.

## VIII.  **STIPULATED PENALTIES**

26.    Defendant shall be liable for stipulated penalties to the United States for violations of this Second Consent Decree as specified below, unless excused under this Section or Section X (Force Majeure) and subject to the dispute resolution provisions of Section XI (Dispute Resolution).

27.    For stipulated penalties assessed under Paragraph 28 for violation of Paragraphs 16.b.i, 16.b.ii, 16.b.iii, 16.c.i and 16.c.iii, the total amount of stipulated penalties assessed for

each Renovation shall be limited to three times the cost of the Renovation as specified in the Customer Contract (if that cost is less than the stipulated penalty that would otherwise be assessed under Paragraph 28), provided Defendant has complied with the requirements of Paragraph 18.a at that Renovation.  In the event there is not sufficient information to identify the costs specific to the Renovation, then the total amount of stipulated penalties assessed under Paragraph 28 shall be limited to three times the total dollar amount of the entire project specified in the Customer Contract.

28.    A violation subject to stipulated penalties to the United States includes failing to perform any obligation required by the terms of this Second Consent Decree according to all applicable requirements of this Second Consent Decree and within the specified time schedules established by or approved under this Second Consent Decree as follows:

| | |
|---|---|
| Violation of Paragraph 10. Failure to pay penalty within thirty (30) Days of entry of Second Consent Decree. | $5,000 per Day |
| Violation of Paragraph 13. Failure to retain and timely renew RRP Firm Certification. | $5,000 per Day |
| Violation of Paragraph 14. Failure to designate a Senior RRP Compliance Manager. | $500 per Day for up to 30 Days<br>$1,000 per Day for 31-60 Days<br>$2,000 per Day after 60 Days |
| Violation of Paragraph 16.a. Failure to submit certification of website posting within thirty (30) Days of entry of Second Consent Decree. | $500 per Day for up to 30 Days<br>$1,000 per Day for 31-60 Days<br>$2,000 per Day after 60 Days |
| Violation of Paragraph 16.b.i. Failure to document timely delivery of Pamphlet to Customer before the commencement of a Lead Project or failure to comply with procedures set forth in Exhibit A. | $2,500 per Lead Project; provided, however, that for Lead Projects sold to Customers after the Paragraph 18.b certification, the stipulated penalty shall be $500 per Lead Project |

-27-

| | |
|---|---|
| Violation of Paragraph 16.b.ii. Failure to document Installers' timely delivery of Pamphlet to occupant other than Customer and obtain and retain signed receipt of delivery before the commencement of a Lead Project. | $2,500 per Lead Project; provided, however, that for Lead Projects sold to Customers after the Paragraph 18.b certification, the stipulated penalty shall be $500 per Lead Project |
| Violation of Paragraph 16.b.iii. Failure to either document timely delivery of Pamphlet or post other required information for Lead Projects in Common Areas of multi-unit Target Housing. | $2,000 per Lead Project; provided, however, that for Lead Projects sold to Customers after the Paragraph 18.b certification, the stipulated penalty shall be $100 per Lead Project |
| Violation of Paragraph 16.c.i. Failure to provide the Checklist to Customer or adult occupant within thirty (30) Days of completion of a Lead Project. | $2,500 per Lead Project; provided, however, that for Lead Projects sold to Customers after the Paragraph 18.b certification, the stipulated penalty shall be $1,000 per Lead Project |
| Violation of Paragraph 16.c.iii. Failure to inform a Customer or implement the procedures set forth in Exhibit C, regarding the completion and provision of the completed Checklist to the owner and/or operator within thirty (30) Days of the Effective Date. | $500 per Day for up to 30 Days<br><br>$1,000 per Day for 31-60 Days<br><br>$2,000 per Day after 60 Days |
| Violation of Paragraph 17. Failure to properly document Installer's lead testing (or assumption of presence of lead) for all Lead Projects. | $5,000 per Lead Project; provided, however, that for Lead Projects sold to Customers after the Paragraph 18.b certification, the stipulated penalty shall be $1,500 per Lead Project |
| Violation of Paragraphs 18. Failure to use Certified Firms or Certified Renovators for Lead Projects. | $7,500 per Lead Project; provided, however, that for Lead Projects sold to Customers after the Paragraph 18.b certification and an uncertified Subcontractor performs the Lead Project, the stipulated penalty shall be $2,500 per Lead Project |
| Violation of Paragraph 18.c. Failure to submit certification, within one hundred eighty (180) Days of Effective Date, that Defendant has developed and implemented required procedures concerning Installers' use of Certified Renovators. | $500 per Day for up to 30 Days<br><br>$1,000 per Day for 31-60 Days<br><br>$2,000 per Day after 60 Days |

| | |
|---|---|
| Violation of Paragraph 18.c. Failure to comply with the disciplinary procedures (set forth in Paragraph 18.c). | $2,500 per Lead Project |
| Violation of Paragraph 19.a. Failure to establish and implement process for contacting Defendant concerning RRP Rules compliance within thirty (30) Days of Effective Date. | $500 per Day for up to 30 Days<br>$1,000 per Day for 31-60 Days<br>$2,000 per Day after 60 Days |
| Violation of Paragraph 19.b. Failure to submit certification, within forty-five (45) Days of the Effective Date, that Defendant has implemented Installer and Subcontractor RRP Compliance Procedures. | $750 per Day for up to 30 Days<br>$1,500 per Day for 31-60 Days<br>$3,000 per Day after 60 Days |
| Violation of Paragraph 19.c. Failure to perform corrective measures following noncompliance by an Installer or Subcontractor, including as described in Exhibits C, D, or E. | $7,500 per Lead Project |
| Violation of Paragraph 19.d.i. Failure to conduct at least 4,000 JSIs per year at projects involving pre-1978 housing. | $500 for each JSI below the annual minimum of 4,000 JSIs |
| Violation of Paragraph 20. Failure to implement an RRP educational program consistent with the requirements in Paragraph 20 within twelve (12) months of Effective Date. | $500 per Day for up to 30 Days<br>$1,000 per Day for 31-60 Days<br>$2,000 per Day after 60 Days |
| Violation of Paragraph 21. Failure to retain records. | $500 per Day for up to 30 Days<br>$1,000 per Day for 31-60 Days<br>$2,000 per Day after 60 Days |
| Violation of Paragraph 22.a. Failure to timely submit semi-annual Periodic Report that complies with the requirements of Section VII. | $500 per Day for up to 30 Days<br>$1,000 per Day for 31-60 Days<br>$2,000 per Day after 60 Days |

29.     Defendant shall pay stipulated penalties within thirty (30) Days of receiving the United States' written demand detailing the basis of the demand, unless Defendant initiates dispute resolution in accordance with Section XI (Dispute Resolution).

-29-

30.     Penalties under Paragraph 28 shall begin to accrue on the Day after the complete performance is due or the Day a violation occurs, and shall continue to accrue through the final Day of correction of the violation or completion of the activity.  Nothing herein shall prevent the simultaneous accrual of separate stipulated penalties for separate violations of this Second Consent Decree, even where those violations concern the same event.

31.     Stipulated penalties shall continue to accrue as provided in Paragraph 30, during any dispute resolution, but need not be paid until the following:

a.     If the dispute is resolved by agreement of the Parties or by a decision of U.S. EPA that is not appealed to the Court, Defendant shall pay accrued penalties determined to be owing, together with Interest, as may be determined by such agreement of the Parties or decision of U.S. EPA, within thirty (30) Days of the date of the agreement or the receipt of U.S. EPA's decision or order.

b.     If the dispute is appealed to the Court and the United States prevails in whole or in part, Defendant shall pay all accrued penalties determined by the Court to be owing, together with Interest, within sixty (60) Days of receiving the Court's decision or order, except as provided in subparagraph c, below.

c.     If any Party appeals the District Court's decision, Defendant shall pay all accrued penalties determined to be owing, together with Interest, within fifteen (15) Days of receiving the final Appellate Court decision.

32.     Defendant shall pay stipulated penalties owing to the United States in the manner set forth and with the confirmation notices required by Section XV (Notices), except that the transmittal letter shall state that the payment is for stipulated penalties and shall state for which violation(s) the penalties are being paid.

-30-

33.     Nothing in this Paragraph shall be construed to prevent the United States from seeking any remedy otherwise provided by law for Defendant's failure to pay any stipulated penalties.  Defendant reserves any defenses to any remedy the United States may seek pursuant to this Paragraph.

34.     The stipulated penalties provided for in this Second Consent Decree shall be in addition to any other rights, remedies, or sanctions available to the United States for Defendant's violation of this Second Consent Decree or applicable law.  Where a violation of this Second Consent Decree is also a violation of Title IV of TSCA, 15 U.S.C. §§ 2681-2692, Defendant shall be allowed a credit, for any stipulated penalties paid, against any statutory penalties imposed for such violation.  Defendant reserves any defenses to any actions the United States may bring pursuant to this Paragraph.

35.     Notwithstanding any other provision of this Section, U.S. EPA, may, in its unreviewable discretion, waive any portion of stipulated penalties that have accrued pursuant to this Second Consent Decree.

## IX.  INTEREST

36.     If Defendant fails to pay stipulated penalties according to the terms of this Second Consent Decree, Defendant shall be liable for Interest on such penalties, accruing as of the date payment became due.  Nothing in this Paragraph shall be construed to limit the United States from seeking any remedy otherwise provided by law for Defendant's failure to pay any stipulated penalties.

## X.  FORCE MAJEURE

37.     "Force majeure," for purposes of this Second Consent Decree, means any event arising from causes beyond the control of Defendant, of any entity controlled by Defendant, or

-31-

any Installers or Subcontractors, that delays or prevents the performance of any obligation under this Second Consent Decree despite Defendant's best efforts to fulfill the obligation. The requirement that Defendant exercise "best efforts to fulfill the obligation" includes using best efforts to anticipate any potential force majeure event and best efforts to address the effects of any such event (a) as it is occurring and (b) after it has occurred to prevent or minimize any resulting delay or harm that may result from such delay to the greatest extent possible. Force majeure does not include Defendant's financial inability to perform any obligation under this Second Consent Decree. Notwithstanding the foregoing, any intentionally wrongful actions or omissions by any Installer or Subcontractor that delays or prevents the Defendant's performance of any obligation under this Second Consent Decree (e.g., falsifying photographic documentation) may constitute "force majeure" as to Defendant, provided Defendant otherwise meets the requirements of this Section and otherwise complies with the requirements of this Decree and the Exhibits.

38.     If any event occurs or has occurred that will delay the performance of any obligation under this Second Consent Decree, for which Defendant intends or may intend to assert a claim of force majeure, Defendant shall provide written notice to the U.S. EPA as provided for in Section XV (Notices) within fourteen (14) Days of when Defendant first knew that the event might cause a delay. Defendant shall provide in the notice an explanation and description of the reasons for the delay; the anticipated duration of the delay; all actions taken or to be taken to prevent or minimize the delay; a schedule for implementation of any measures to be taken to prevent or mitigate the delay or the effect of the delay; and Defendant's rationale for attributing such delay to a force majeure event if it intends to assert such a claim. Defendant shall include with any notice all available documentation supporting the claim that the delay was

-32-

attributable to a force majeure.  Failure to comply with the above requirements shall preclude Defendant from asserting any claim of force majeure for that event for the period of time of such failure to comply, and for any additional delay caused by such failure.  Defendant shall be deemed to know of any circumstances of which Defendant knew or should have known.

39.     If U.S. EPA agrees that the delay or anticipated delay is attributable to a force majeure event, the time for performance of the obligations under this Second Consent Decree that are affected by the force majeure event will be extended by U.S. EPA for such time as is necessary to complete those obligations.  An extension of the time for performance of the obligations affected by the force majeure event shall not, of itself, extend the time for performance of any other obligation.  U.S. EPA will notify Defendant in writing of the length of the extension, if any, for performance of the obligations affected by the force majeure event.

40.     If U.S. EPA does not agree that the delay or anticipated delay has been or will be caused by a force majeure event, U.S. EPA will notify Defendant in writing of the decision.

41.     If Defendant elects to invoke the dispute resolution procedures set forth in Section XI (Dispute Resolution), it shall do so no later than thirty (30) Days after receipt of U.S. EPA's notice.  In any such proceeding, Defendant shall have the burden of demonstrating by a preponderance of the evidence that the delay or anticipated delay has been or will be caused by a force majeure event, that the duration of the delay or the extension sought was or will be warranted under the circumstances, that best efforts were exercised to avoid and mitigate the effects of the delay, and that Defendant complied with the requirements of Paragraphs 37 and 38, above.  If Defendant carries this burden, the delay at issue shall be deemed not to be a violation by Defendant of the affected obligation of this Second Consent Decree identified to U.S. EPA and the Court.

## XI. **DISPUTE RESOLUTION**

42.     Unless otherwise expressly provided for in this Second Consent Decree, the dispute resolution procedures of this Section shall be the exclusive mechanism to resolve disputes arising under or with respect to this Second Consent Decree.

43.     Informal Dispute Resolution.  Any dispute subject to dispute resolution under this Second Consent Decree shall first be the subject of informal negotiations.  The dispute shall be considered to have arisen when Defendant sends the United States a written Notice of Dispute.  Such Notice of Dispute shall state clearly the matter in dispute.  The period of informal negotiations shall not exceed sixty (60) Days from the date the dispute arises, unless that period is modified by written agreement.  The failure to submit a Notice of Dispute within ten (10) Days from the date upon which the issue in dispute first arises waives Defendant's right to invoke dispute resolution under this Section.  If the Parties cannot resolve a dispute by informal negotiations, then the position advanced by the United States shall be considered binding unless, within sixty (60) Days after the conclusion of the informal negotiation period, Defendant invokes formal dispute resolution procedures as set forth below.

44.     Formal Dispute Resolution.  Defendant shall invoke formal dispute resolution procedures, within the time period provided in the preceding Paragraph, by serving on the United States a written Statement of Position regarding the matter in dispute.  The Statement of Position shall include, but need not be limited to, any factual data, analysis, or opinion supporting Defendant's position and any supporting documentation relied upon by Defendant.

45.     The United States shall serve its Statement of Position within sixty (60) Days of receipt of Defendant's Statement of Position.  The United States' Statement of Position shall include, but need not be limited to, any factual data, analysis, or opinion supporting that position

-34-

and any supporting documentation relied upon by the United States. The United States' Statement of Position shall be binding on Defendant unless Defendant files a motion for judicial review of the dispute in accordance with the following Paragraph.

46.     Defendant may seek judicial review of the dispute by filing with the Court and serving on the United States in accordance with Section XV (Notices) of this Second Consent Decree, a motion requesting judicial resolution of the dispute. The motion must be filed within thirty (30) Days of receipt of the United States' Statement of Position pursuant to the preceding Paragraph. The motion shall contain a written statement of Defendant's position on the matter in dispute, including any supporting factual data, analysis, opinion, or documentation, and shall set forth the relief requested and any schedule within which the dispute must be resolved for orderly implementation of the Second Consent Decree.

47.     The United States shall respond to Defendant's motion within the time period allowed by the Local Rules of this Court. Defendant may file a reply memorandum and/or request a hearing on the merits, to the extent permitted by the Local Rules.

48.     Standard of Review. Except as otherwise provided in this Second Consent Decree, in any dispute brought under Paragraph 46, judicial review of any dispute shall be governed by applicable principles of law.

49.     The invocation of dispute resolution procedures under this Section shall not, by itself, extend, postpone, or affect in any way any obligation of Defendant under this Second Consent Decree, unless and until final resolution of the dispute so provides. Stipulated penalties with respect to the disputed matter shall continue to accrue from the first Day of noncompliance, but payment shall be stayed pending resolution of the dispute as provided in Paragraph 31. If

Defendant does not prevail on the disputed issue, stipulated penalties shall be assessed and paid as provided in Section VIII (Stipulated Penalties).

## XII.  INFORMATION COLLECTION AND RETENTION

50.    The United States and its representatives, including its attorneys, contractors, and consultants, shall have the right of entry into any of Defendant's facilities (to the extent that Defendant has the right to authorize a right of entry) covered by this Second Consent Decree, at all reasonable times, upon presentation of credentials, to:

a.    Monitor the progress of activities required under this Second Consent Decree;

b.    Verify any data or information submitted to the United States in accordance with the terms of this Second Consent Decree;

c.    Obtain samples and, upon request, splits of any samples within the possession of Defendant and collected by Defendant or its representatives, contracted Installers, contracted Renovators, or consultants;

d.    Obtain documentary evidence, including photographs, contracts, work orders, change orders, or similar data within the possession of Defendant (and upon request instruct its representatives or Installers to provide the United States with any data related to RRP work performed under a contract with Defendant, such as documents, sampling results, photographs, or similar data); and

e.    Assess Defendant's compliance with this Second Consent Decree.

51.    Upon request, U.S. EPA shall provide to Defendant an opportunity to split any samples taken by U.S. EPA.

52.    Defendant shall retain (and shall instruct its Installers to preserve) all non-identical copies of all documents, records, or other information (including documents, records, or

other information in electronic form) in its or its Installers' or agents' possession or control, or that come into its or its Installers' or agents' possession or control, and that relate to Defendant's performance of its obligations under this Second Consent Decree until termination of this Second Consent Decree.  This information-retention requirement shall apply regardless of any contrary corporate or institutional policies or procedures.  At any time during this information-retention period, U.S. EPA may submit a written request to review the information.

53.    Defendant may assert that certain documents, records, or other information is privileged under the attorney-client privilege or any other privilege recognized by federal law.  If Defendant asserts such a privilege, it shall provide the following:  (1) the title of the document, record, or information; (2) the date of the document, record, or information; (3) the name and title of each author of the document, record, or information; (4) the name and title of each addressee and recipient; (5) a description of the subject of the document, record, or information; and (6) the privilege asserted by Defendant.  Defendant may make no claim of privilege regarding any Periodic Report and/or completed Checklist that Defendant is required to create or generate pursuant to this Second Consent Decree.

54.    Defendant may also assert that information required to be provided under this Section is protected as Confidential Business Information ("CBI") under 40 C.F.R. Part 2.  As to any information that Defendant seeks to protect as CBI, Defendant and the United States shall follow the procedures set forth in 40 C.F.R. Part 2.

55.    This Second Consent Decree in no way limits or affects any right of entry and inspection, or any right to obtain information, held by the United States pursuant to applicable federal laws, regulations, or permits not addressed by this Second Consent Decree, nor does it limit or affect any duty or obligation of Defendant to maintain documents, records, or other

information imposed by applicable federal or state laws, regulations, or permits not addressed by

this Second Consent Decree.

## XIII.  EFFECT OF SETTLEMENT

56.    Upon entry by the Court, this Second Consent Decree supersedes and replaces the

2014 Consent Decree entered in this matter.

57.    This Second Consent Decree resolves the civil claims of the United States against

Lowe's for any violations of the 2014 Consent Decree, the RRP Rule, or Section 15(a) of TSCA,

15 U.S.C. § 2614(a), between the date of lodging of the 2014 Consent Decree through the date of

lodging of the Second Consent Decree arising from or relating to (1) any Renovation identified

in any periodic report submitted pursuant to the 2014 Consent Decree, including any disclosures

therein, and any correspondence, documents, or communications submitted to or received from

the United States in connection with those periodic reports; and (2) any matters identified by the

government in, or by Lowe's in response to, subpoenas issued in the Central District of

California and received on July 23, 2019, October 20, 2022, and April 28, 2023.

58.    The United States reserves all legal and equitable remedies available to enforce

the provisions of this Second Consent Decree.  This Second Consent Decree shall not be

construed to limit the rights of the United States to obtain penalties or injunctive relief under

TSCA or its implementing regulations, under other federal laws, regulations, or permit

conditions, or under other state laws, regulations, or permit conditions, except as expressly

specified in Paragraph 57.  The United States further reserves all legal and equitable remedies to

address any imminent and substantial endangerment to the public health or welfare or the

environment whether related to the violations addressed in this Second Consent Decree or

otherwise.

-38-

59.     In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, civil penalties, other appropriate relief relating to Defendant's violations, Defendant shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case, except with respect to claims that have been specifically resolved pursuant to Paragraph 57.

60.     This Second Consent Decree is not a permit, or a modification of any permit, under any federal, state, or local laws or regulations.  Defendant is responsible for achieving and maintaining complete compliance with all applicable federal, State, and local laws, regulations, and permits, and Defendant's compliance with this Second Consent Decree shall be no defense to any action commenced pursuant to any such laws, regulations, or permits, except as set forth herein.  The United States does not, by its Second Consent to the entry of this Second Consent Decree, warrant or aver in any manner that Defendant's compliance with any aspect of this Second Consent Decree will result in compliance with provisions of TSCA, with TSCA's implementing regulations, or with any state law or regulation.

61.     This Second Consent Decree does not limit or affect the rights of Defendant or of the United States against any third parties not party to this Second Consent Decree, including any entities that perform Renovations under contract with Defendant.

62.     This Second Consent Decree shall not be construed to create rights in, or grant any cause of action to, any third party not party to this Second Consent Decree.

## XIV.  COSTS

63.     The Parties shall bear their own costs of this action, including attorneys' fees, except that the United States shall be entitled to collect the costs (including attorneys' fees) incurred in any action necessary to collect any portion of any stipulated penalties due, but not paid, by Defendant.

## XV.  NOTICES

64.     Unless otherwise specified herein, whenever notifications, submissions, or communications are required by this Second Consent Decree, they shall be made in writing and addressed as follows:

>To the United States:
>
>Chief, Environmental Enforcement Section
>U.S. Department of Justice
>Re: DOJ No. 90-5-1-1-10673
>eescdcopy.enrd@usdoj.gov
>
>To U.S. EPA:
>
>presler.amos@epa.gov
>r5lecab@epa.gov
>saldivar.christina@epa.gov
>meredith.craig@epa.gov
>mcauliffe.mary@epa.gov
>
>To Defendant:
>
>Chief Legal Officer
>Lowe's Home Centers, LLC
>1000 Lowe's Blvd
>Mooresville, NC 28117
>law@lowes.com

65.     Any Party may, by written notice to the other Parties, change its designated notice recipient or notice e-mail address provided above.

66.    Notices submitted pursuant to this Section shall be deemed submitted upon
transmission by e-mail, unless otherwise provided in this Second Consent Decree or by mutual
agreement of the Parties in writing.

## XVI.  **EFFECTIVE DATE**

67.    The Effective Date of this Second Consent Decree shall be the date upon which
this Second Consent Decree is entered by the Court or a motion to enter the Second Consent
Decree is granted, whichever occurs first, as recorded on the Court's docket.

## XVII.  **RETENTION OF JURISDICTION**

68.    The Court shall retain jurisdiction over this case until termination of this Second
Consent Decree, for the purpose of resolving disputes arising under this Decree or entering
orders modifying this Decree, pursuant to Sections XI (Dispute Resolution) and XVIII
(Modification), or effectuating or enforcing compliance with the terms of this Second Consent
Decree.

## XVIII.  **MODIFICATION**

69.    The terms of this Second Consent Decree may be modified only by a written
agreement signed by the United States and Defendant.  Where the modification to the Second
Consent Decree (excepting the Exhibits or Appendices) constitutes a material change to this
Decree, it shall be effective only upon approval by the Court.  With respect to Exhibits A
through E, Defendant shall notify U.S. EPA via its periodic reporting obligations set forth in
Paragraph 22 of any changes to any of the Exhibits, provided that any material substantive
changes to an Exhibit shall require the prior written approval of U.S. EPA before
implementation.

70.     Any disputes concerning modification of this Second Consent Decree shall be resolved pursuant to Section XI (Dispute Resolution) of this Second Consent Decree, provided, however, that, instead of the burden of proof provided by Paragraph 41, the Party (whether the United States or Defendant) seeking the modification bears the burden of demonstrating that it is entitled to the requested modification in accordance with Federal Rule of Civil Procedure 60(b).

## XIX.  TERMINATION

71.     Three (3) years after the Effective Date, and provided that Defendant has implemented the requirements of Section VI (Compliance Requirements) of this Second Consent Decree, and has paid any accrued stipulated penalties as required by this Second Consent Decree, Defendant may serve upon the United States a Request for Termination, stating that Defendant has satisfied those requirements, together with all necessary supporting documentation.

72.     Following receipt by the United States of Defendant's Request for Termination, the United States and Defendant shall confer informally concerning the Request for Termination and any disagreement that the United States and Defendant may have as to whether Defendant has satisfactorily complied with the requirements for termination of this Second Consent Decree. If the United States agrees that the Second Consent Decree may be terminated, the United States and Defendant shall submit, for the Court's approval, a joint stipulation terminating the Decree.

73.     If the United States does not agree that the Decree may be terminated, or if the United States does not respond to Defendant's Request for Termination within ninety (90) Days of receipt of such Request, Defendant may invoke dispute resolution under Section XI (Dispute Resolution) of this Second Consent Decree.

## XX.  **26 U.S.C. § 162(F)(2)(A)(II) IDENTIFICATION**

74.     For purposes of the identification requirement of Section 162(f)(2)(A)(ii) of the Internal Revenue Code, 26 U.S.C. § 162(f)(2)(A)(ii), performance of Paragraph 6 of Section III (Applicability); Paragraphs 13 to 19 of Section VI (Compliance Requirements); Paragraphs 50 to 55 of Section XII (Information Collection and Retention); and Exhibits A, B, C, D, and E, is restitution or required to come into compliance with law.

## XXI.  **PUBLIC PARTICIPATION**

75.     This Second Consent Decree shall be lodged with the Court for a period of not less than thirty (30) Days for public notice and comment in accordance with 28 C.F.R. § 50.7. The United States reserves the right to withdraw or withhold its consent if the comments regarding the Second Consent Decree disclose facts or considerations indicating that the Second Consent Decree is inappropriate, improper, or inadequate.  Defendant consents to entry of this Second Consent Decree without further notice and agrees not to withdraw from or oppose entry of this Second Consent Decree by the Court or to challenge any provision of the Decree, unless the United States has notified Defendant in writing that it no longer supports entry of the Decree.

## XXII.  **SIGNATORIES**

76.     Each undersigned representative of Defendant and the United States certifies that he or she is fully authorized to enter into the terms and conditions of this Second Consent Decree and to execute and legally bind the Party he or she represents to this document.

77.     This Second Consent Decree may be signed in counterparts, and its validity shall not be challenged on that basis.  Defendant agrees to accept service of process by mail with respect to all matters arising under or relating to this Second Consent Decree and to waive the

-43-

formal service requirements set forth in Rules 4 and 5 of the Federal Rules of Civil Procedure

and any applicable Local Rules of this Court including, but not limited to, service of a summons.

### XXIII.  INTEGRATION

78.    This Second Consent Decree constitutes the final, complete, and exclusive

agreement and understanding among the Parties with respect to the settlement embodied in this

Second Consent Decree and supersedes all prior agreements and understandings, whether oral or

written, concerning the settlement embodied herein, including the August 29, 2014 Consent

Decree.  No other document, nor any representation, inducement, agreement, understanding, or

promise, constitutes any part of this Second Consent Decree or the settlement it represents, nor

shall it be used in construing the terms of this Second Consent Decree.

### XXIV.  FINAL JUDGMENT

79.    Upon approval and entry of this Second Consent Decree by the Court, this Second

Consent Decree shall constitute a final judgment of the Court as to the United States and

Defendant.

### XXV.  EXHIBITS

80.    The following exhibits are attached to and part of this Second Consent Decree:

a.    Exhibit A – Policy for Delivery or Attempted Delivery of Renovate Right

Pamphlet;

b.    Exhibit B – LRRP Checklist (this exhibit includes two versions of the LRRP

Checklist for Lead Projects: Pages 1-9 are the rendered LRRP Checklist for which there is one

Certified Renovator throughout the Lead Project, and Pages 10-18 are the rendered LRRP

Checklist for which the Certified Renovator changes between the time when the initial lead

assessment is performed and the Lead Project is completed);

c.      Exhibit C – Policy on Delivery of Completed Checklist;

d.      Exhibit D – Policy on Installer Disciplinary Procedures;

e.      Exhibit E – Policy on LRRP Customer Complaint Process; and

SO ORDERED THIS 8th DAY OF July, 2026.


*Cynthia Valenzuela*

HON. CYNTHIA VALENZUELA
United States District Judge

THE UNDERSIGNED PARTY enters into this Second Consent Decree in the matter of *United States of America v. Lowe's Home Centers, LLC,* subject to public notice and comment.

FOR PLAINTIFF, UNITED STATES OF AMERICA:

ADAM R.F. GUSTAFSON
Acting Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice


Date  10-29-25

JAMES D. FREEMAN
Senior Counsel
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
999 18th Street
North Terrace, Suite 600
Denver, CO 80202


BILAL A. ESSAYLI
Acting United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
HUNTER B. THOMPSON
Assistant United States Attorney
Acting Chief, Civil Fraud Section


Date  10/29/2025

DESMOND JUI (SBN 262200)
Assistant United States Attorney
Room 7516, Federal Building
300 N. Los Angeles Street
Los Angeles, California 90012

-46-

THE UNDERSIGNED PARTY enters into this Second Consent Decree in the matter of *United States of America v. Lowe's Home Centers, LLC,* subject to public notice and comment.

FOR THE UNITED STATES ENVIRONMENTAL PROTECTION AGENCY:

CECIL
RODRIGUES

Digitally signed by CECIL
RODRIGUES
Date: 2025.07.08
18:44:32 -04'00'

CECIL RODRIGUES
Deputy Assistant Administrator performing the duties and functions of the Assistant Administrator
Office of Enforcement and Compliance Assurance
United States Environmental Protection Agency
Washington, DC 20460

KARIN KOSLOW
Acting Director, Office of Civil Enforcement
Office of Enforcement and Compliance Assurance
United States Environmental Protection Agency
Washington, DC 20460

GREGORY SULLIVAN
Director, Waste and Chemical Enforcement Division
Office of Civil Enforcement
Office of Enforcement and Compliance Assurance
United States Environmental Protection Agency
Washington, DC 20460

AMOS PRESLER
Attorney-Advisor
Office of Civil Enforcement
Office of Enforcement and Compliance Assurance
United States Environmental Protection Agency
Washington, DC 20460

THE UNDERSIGNED PARTY enters into this Second Consent Decree in the matter of *United States of America v. Lowe's Home Centers, LLC,* subject to public notice and comment.

FOR THE UNITED STATES ENVIRONMENTAL PROTECTION AGENCY:


ROBERT
KAPLAN    Digitally signed by ROBERT KAPLAN
          Date: 2025.07.03 16:44:46 -05'00'
_____
ROBERT A. KAPLAN
Regional Counsel
U.S. Environmental Protection Agency, Region 5
77 West Jackson Boulevard
Chicago, IL 60604


MICHAEL
HARRIS    Digitally signed by
          MICHAEL HARRIS
          Date: 2025.07.03
          10:54:49 -05'00'
_____
MICHAEL D. HARRIS
Director
Enforcement and Compliance Assurance Division
U.S. Environmental Protection Agency, Region 5
77 West Jackson Boulevard
Chicago, IL 60604


MARY
MCAULIFFE   Digitally signed by MARY
            MCAULIFFE
            Date: 2025.06.18
            10:33:38 -05'00'
_____
MARY T. McAULIFFE
Associate Regional Counsel
U.S. Environmental Protection Agency, Region 5
77 West Jackson Boulevard
Chicago, IL 60604

THE UNDERSIGNED PARTY enters into this Second Consent Decree in the
matter of *United States of America v. Lowe's Home Centers, LLC*, subject to
public notice and comment.

FOR DEFENDANT, LOWE'S HOME CENTERS, LLC:

Date 6/16/25

-49-

**Exhibit A – Policy for Delivery or Attempted Delivery of Renovate Right Pamphlet**

**Exhibit B – LRRP Checklist**

**Exhibit C – Policy on Delivery of Completed Checklist**

**Exhibit D – Policy on Installer Disciplinary Procedures**

**Exhibit E – Policy on LRRP Customer Complaint Process**

# Exhibit A

**Exhibit A**
**Policy for Delivery of Renovate Right Pamphlet**

1. Delivery of Pamphlet to Customer:  Before the commencement of a Lead Project (but no more than sixty (60) Days before), Lowe's will transmit the Pamphlet to the Customer via electronic delivery.

   a. Lowe's will email the Customer to schedule the lead assessment and include a link to the Pamphlet.

   b. Lowe's will provide the Customer with a copy of the Pamphlet when the Customer signs the Customer Contract.  The Customer will confirm receipt of the Pamphlet in the Customer Contract.

2. Delivery of Pamphlet to Occupant Other than Customer.  If the Installer assigned to the Lead Project determines that there is an adult occupant, or adult representative of a Child-Occupied Facility, who is different from the Customer, the Installer shall notify Lowe's. Lowe's will also request that the Customer notify Lowe's if there is an adult occupant or adult representative that is different from the Customer.  After receiving such a notification from the Customer or Installer, Lowe's shall transmit a copy of the Pamphlet to the adult occupant or adult representative by mail.  Lowe's may also request that the Customer provide an email address for the adult occupant or adult representative, such that Lowe's may transmit the Pamphlet to the adult occupant or adult representative electronically. Installers can upload documentation of delivery or attempted delivery of the Pamphlet to the adult occupant or adult representative in its electronic project management system.

3. Delivery of Pamphlet After Sixty (60) Days:  If more than sixty (60) Days have passed since the initial delivery of the Pamphlet to the Customer, adult occupant, or adult representative, as described above, and the Lead Project has not commenced, Lowe's will

deliver the Pamphlet again to the Customer, adult occupant, or adult representative by mailing the Pamphlet to the Customer, adult occupant, or adult representative.

4. <u>Delivery of Pamphlet for Lead Projects in Common Areas</u>.  In the event Lowe's installation services program includes Lead Projects in Common Areas, Lowe's shall develop procedures for delivery of the Pamphlet and shall obtain and retain documentation of delivery of the Pamphlet, consistent with the requirements in <u>40 C.F.R. § 745.84(b)</u>.

# Exhibit B



# Lowe's Installer LRRP Checklist for Renovations
## Performed in Pre-1978 Housing and Child-Occupied Facilities

The purpose of this form is to document compliance with the U.S. Environmental Protection Agency's Lead Renovation, Repair and Painting Rule ("RRP Rule"), 40 C.F.R. § 745.80, et seq., or any applicable U.S. EPA-authorized state or tribal program regulating lead-based paint safe work practices.

## General Project Information

Job #:

Start Date:

Customer Name:

End Date:

Install Address:

Brief Description of Renovation Project:

## Renovator Certification Information

Assigned Renovator Name:

Renovator Certification #:

Firm Name:

Firm Certification #:

## Lead Response Reason

Rev. 06.2025



# Lowe's Installer LRRP Checklist for Renovations
## Performed in Pre-1978 Housing and Child-Occupied Facilities

## Lead Testing Information

Were EPA or applicable state recognized lead test kits used by certified renovator on each and every component (for example, each window to be replaced must be tested unless it is assumed to have lead-based paint) to determine whether lead was present on components affected by renovation?

○ Yes          ○ N/A (the presence of lead-based paint is presumed)

Identify kits used and describe components tested, sampling locations and results below. Follow the lead test kit directions completely when testing components. Document paint chip sampling and laboratory results.

| Component and Location Tested | Test Kit Manufacturer and Lot Number | Test Results |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

Additional test kits available upon request?

○ Yes          ○ No

Rev. 06.2025



# Lowe's Installer LRRP Checklist for Renovations
### Performed in Pre-1978 Housing and Child-Occupied Facilities

## Notification, Work Practices and Record-Keeping
### 40 C.F.R. Parts §§ 745.84-745.86 or applicable state program)

Please describe how you provided owners, adult occupants (if not owner-occupied), and/or adult representatives of child-occupied facilities with the Renovate Right pamphlet:

- ○ Signed and dated acknowledgements of receipt of the renovate right pamphlet

- ○ Certificates of mailing the renovator right pamphlet

- ○ Certificates of attempted delivery of the renovator right pamphlet (for non-owner adult occupants only)

If the Renovation Project involved a common area of a multi-unit building, was a signed statement describing the steps performed to notify all occupants of multi-unit housing of the renovation activities, to provide the Renovate Right pamphlet to all occupants, and to inform of any changes to the renovation activities, obtained and on file?

○ Yes          ○ N/A

If you chose N/A, please explain:

```



```

If the Renovation Project was performed in a child-occupied facility, was a signed statement describing the steps performed to notify all parents and guardians of children using child-occupied facilities of the renovation activities, to provide the Renovate Right pamphlet, and to provide a copy of the records showing compliance with the LRRP Rule and any dust clearance sampling reports, obtained and on file?

○ Yes          ○ N/A

If you chose N/A, please explain:

```



```

Rev. 06.2025



# Lowe's Installer LRRP Checklist for Renovations
## Performed in Pre-1978 Housing and Child-Occupied Facilities

List any dust sampling technicians, inspectors or risk assessors, if used:



# Lowe's Installer LRRP Checklist for Renovations
## Performed in Pre-1978 Housing and Child-Occupied Facilities

If applicable, list the areas in which training was provided to other workers:

☐ Posting warning signs

☐ Maintaining containment

☐ Waste handling

☐ Setting up plastic containment barriers item

☐ Avoiding spread of dust to adjacent areas

☐ Post renovation cleaning

If applicable, list the names of workers trained:

Did you post signs defining the work area and warning signs at the entrance of work area?

○ Yes          ○ N/A

If you chose N/A, please explain:

Rev. 06.2025



# Lowe's Installer LRRP Checklist for Renovations
## Performed in Pre-1978 Housing and Child-Occupied Facilities

Indicate all applicable interior and exterior work areas contained to prevent spread of dust and debris:

**Interior**

- [ ] All objects in the work area were removed or covered
- [ ] HVAC ducts in the work area were closed and covered
- [ ] Windows and doors in the work area were closed and sealed
- [ ] Floor surfaces covered by plastic extending 6 feet from work area
- [ ] Doors in the work area were closed and sealed
- [ ] Doors that must be used in the work area were covered to allow passage but prevent spread of dust
- [ ] Floors in the work area were covered with taped-down plastic

**Exterior**

- [ ] Windows in and within 20 feet of the work area were closed
- [ ] Doors in and with 20 feet of the work area were closed and sealed
- [ ] Ground was covered by plastic extending 10 feet from work area - plastic anchored to building and weighed down by heavy objects
- [ ] If necessary, vertical containment was installed if property line prevents 10 feet of plastic ground cover, or if necessary to prevent migration of dust and debris to adjacent property

Please acknowledge the following:

No prohibited and restricted work practices were employed

◯ Yes        ◯ N/A

Waste was contained on site and while being transported off site

◯ Yes        ◯ N/A

Rev. 06.2025



# Lowe's Installer LRRP Checklist for Renovations
### Performed in Pre-1978 Housing and Child-Occupied Facilities

The work site was properly cleaned after renovation. Including but not limited to:

a) All chips and debris were picked up, protective sheeting misted, folded dirty side inward, and taped for removal;

b) plastic sheeting misted, folded dirty side inward, and taped for removal;

c) and work area surfaces, walls, and objects were cleaned using HEPA vacuum and/or wet cloths or mops (interiors).

○ Yes          ○ N/A

Please indicate how you verified post-renovation cleaning:

○ Certified renovator performed post-renovation cleaning verification.

Describe the results:

Wet cloths used:

Dry cloths used:

○ Dust clearance was performed instead of cleaning verification. The sample results were below clearance standards, and a copy of the report was provided to property owners, adult occupants (if not owner-occupied) and/or adult representatives of child-occupied facilities and posted in common areas of multi-unit housing.

Rev. 06.2025



# Lowe's Installer LRRP Checklist for Renovations
### Performed in Pre-1978 Housing and Child-Occupied Facilities

If the renovation is an emergency renovation under the LRRP Rule, describe the nature of the emergency and document the provisions of the LRRP Rule that were not followed:

Rev. 06.2025



# Lowe's Installer LRRP Checklist for Renovations
### Performed in Pre-1978 Housing and Child-Occupied Facilities

## Installer Certification Acknowledgment

*I, the undersigned renovator, certify under penalty of law the above information is true and complete, and do hereby certify that I have complied with all requirements of the Lead Renovation, Repair, and Painting Rule ("RRP RULE"), 40 C.F.R. § 745.80, et seq., or any applicable state laws or program regulating lead-based paint safe work practices, including compliance with all information distribution, notice requirements and work practice standards in performing this Renovation Project. I certify that I have provided the Customer with all documentation required to be supplied under the LRRP Rule or state program, shall retain all records required by law for at least 3 years or longer if required by state law, and shall provide copies of all the records required to be retained by the LRRP Rule or applicable state program upon request. If requested by the Customer, I have provided the Customer with a completed copy of this LRRP Checklist.*

_____          _____
Assigned Renovator Name                                                  Date

Rev. 06.2025



# Lowe's Installer LRRP Checklist for Renovations
## Performed in Pre-1978 Housing and Child-Occupied Facilities

The purpose of this form is to document compliance with the U.S. Environmental Protection Agency's Lead Renovation, Repair and Painting Rule ("RRP Rule"), 40 C.F.R. § 745.80, et seq., or any applicable U.S. EPA-authorized state or tribal program regulating lead-based paint safe work practices.

## General Project Information

Job #:

Start Date

Customer Name

End Date

Install Address:

Brief Description of Renovation Project:

## Renovator Certification Information

**Lead Assessment**

**Renovation Project**

Assigned Renovator Name:

Assigned Renovator Name:

Renovator Certification #:

Renovator Certification #:

Firm Name:

Firm Name:

Firm Certification #:

Firm Certification #:

## Lead Response Reason

Rev. 06.2025



# Lowe's Installer LRRP Checklist for Renovations
## Performed in Pre-1978 Housing and Child-Occupied Facilities

### Lead Testing Information

Were EPA or applicable state recognized lead test kits used by certified renovator on each and every component (for example, each window to be replaced must be tested unless it is assumed to have lead-based paint) to determine whether lead was present on components affected by renovation?

◯ Yes          ◯ N/A (the presence of lead-based paint is presumed)

Identify kits used and describe components tested, sampling locations and results below. Follow the lead test kit directions completely when testing components. Document paint chip sampling and laboratory results.

| Component and Location Tested | Test Kit Manufacturer and Lot Number | Test Results |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

Additional test kits available upon request?

◯ Yes          ◯ No

Rev. 06.2025



# Lowe's Installer LRRP Checklist for Renovations
## Performed in Pre-1978 Housing and Child-Occupied Facilities

## Notification, Work Practices and Record-Keeping
**40 C.F.R. Parts §§ 745.84-745.86 or applicable state program)**

Please describe how you provided owners, adult occupants (if not owner-occupied), and/or adult representatives of child-occupied facilities with the Renovate Right pamphlet:

○ Signed and dated acknowledgements of receipt of the renovate right pamphlet

○ Certificates of mailing the renovator right pamphlet

○ Certificates of attempted delivery of the renovator right pamphlet (for non-owner adult occupants only)

If the Renovation Project involved a common area of a multi-unit building, was a signed statement describing the steps performed to notify all occupants of multi-unit housing of the renovation activities, to provide the Renovate Right pamphlet to all occupants, and to inform of any changes to the renovation activities, obtained and on file?

○ Yes        ○ N/A

If you chose N/A, please explain:

<br><br><br><br><br><br><br>

If the Renovation Project was performed in a child-occupied facility, was a signed statement describing the steps performed to notify all parents and guardians of children using child-occupied facilities of the renovation activities, to provide the Renovate Right pamphlet, and to provide a copy of the records showing compliance with the LRRP Rule and any dust clearance sampling reports, obtained and on file?

○ Yes        ○ N/A

If you chose N/A, please explain:

<br><br><br><br><br><br><br>

Rev. 06.2025



# Lowe's Installer LRRP Checklist for Renovations
### Performed in Pre-1978 Housing and Child-Occupied Facilities

List any dust sampling technicians, inspectors or risk assessors, if used:



# Lowe's Installer LRRP Checklist for Renovations
## Performed in Pre-1978 Housing and Child-Occupied Facilities

If applicable, list the areas in which training was provided to other workers:

☐ Posting warning signs

☐ Maintaining containment

☐ Waste handling

☐ Setting up plastic containment barriers item

☐ Avoiding spread of dust to adjacent areas

☐ Post renovation cleaning

If applicable, list the names of workers trained:

Did you post signs defining the work area and warning signs at the entrance of work area?

◯ Yes        ◯ N/A

If you chose N/A, please explain:

Rev. 06.2025



# Lowe's Installer LRRP Checklist for Renovations
**Performed in Pre-1978 Housing and Child-Occupied Facilities**

Indicate all applicable interior and exterior work areas contained to prevent spread of dust and debris:

**Interior**

- ☐ All objects in the work area were removed or covered
- ☐ HVAC ducts in the work area were closed and covered
- ☐ Windows and doors in the work area were closed and sealed
- ☐ Floor surfaces covered by plastic extending 6 feet from work area
- ☐ Doors in the work area were closed and sealed
- ☐ Doors that must be used in the work area were covered to allow passage but prevent spread of dust
- ☐ Floors in the work area were covered with taped-down plastic

**Exterior**

- ☐ Windows in and within 20 feet of the work area were closed
- ☐ Doors in and with 20 feet of the work area were closed and sealed
- ☐ Ground was covered by plastic extending 10 feet from work area - plastic anchored to building and weighed down by heavy objects
- ☐ If necessary, vertical containment was installed if property line prevents 10 feet of plastic ground cover, or if necessary to prevent migration of dust and debris to adjacent property

Please acknowledge the following:

No prohibited and restricted work practices were employed

○ Yes       ○ N/A

Waste was contained on site and while being transported off site

○ Yes       ○ N/A

Rev. 06.2025



# Lowe's Installer LRRP Checklist for Renovations
## Performed in Pre-1978 Housing and Child-Occupied Facilities

The work site was properly cleaned after renovation. Including but not limited to:

a) All chips and debris were picked up, protective sheeting misted, folded dirty side inward, and taped for removal;

b) plastic sheeting misted, folded dirty side inward, and taped for removal;

c) and work area surfaces, walls, and objects were cleaned using HEPA vacuum and/or wet cloths or mops (interiors).

○ Yes          ○ N/A

Please indicate how you verified post-renovation cleaning:

○ Certified renovator performed post-renovation cleaning verification.

Describe the results:

Wet cloths used:

Dry cloths used:

○ Dust clearance was performed instead of cleaning verification. The sample results were below clearance standards, and a copy of the report was provided to property owners, adult occupants (if not owner-occupied) and/or adult representatives of child-occupied facilities and posted in common areas of multi-unit housing.

Rev. 06.2025



# Lowe's Installer LRRP Checklist for Renovations
**Performed in Pre-1978 Housing and Child-Occupied Facilities**

If the renovation is an emergency renovation under the LRRP Rule, describe the nature of the emergency and document the provisions of the LRRP Rule that were not followed:

Rev. 06.2025



# Lowe's Installer LRRP Checklist for Renovations
**Performed in Pre-1978 Housing and Child-Occupied Facilities**

## Installer Certification Acknowledgment

*I, the undersigned renovator, certify under penalty of law the above information is true and complete, and do hereby certify that I have complied with all requirements of the Lead Renovation, Repair, and Painting Rule ("RRP RULE"), 40 C.F.R. § 745.80, et seq., or any applicable state laws or program regulating lead-based paint safe work practices, including compliance with all information distribution, notice requirements and work practice standards in performing this Renovation Project. I certify that I have provided the Customer with all documentation required to be supplied under the LRRP Rule or state program, shall retain all records required by law for at least 3 years or longer if required by state law, and shall provide copies of all the records required to be retained by the LRRP Rule or applicable state program upon request. If requested by the Customer, I have provided the Customer with a completed copy of this LRRP Checklist.*

_____          _____

Assigned Renovator Name (Lead Assessment)          Date


_____          _____

Assigned Renovator Name (Renovation Project)          Date

Rev. 06.2025

# Exhibit C

**Exhibit C**
**Policy on Delivery of Completed Checklist**

A.  For projects that require a Checklist, Installers submit the Checklist by completing fields in the electronic project management system.  The Lead Project cannot be considered complete and ready for payment until all relevant Checklist fields have been completed in the electronic project management system.

B.  A rendered copy of the Checklist is included as Exhibit B to the Second Consent Decree.

C.  Within thirty (30) days after the Installer has been paid for the Lead Project, Lowe's shall transmit a copy of the completed Checklist to the Customer via electronic delivery to the electronic mail address that the Customer provided to Lowe's.  If Lowe's did not receive a valid email address for the Customer, Lowe's will mail or otherwise deliver a copy of the completed Checklist to the Customer at the Lead Project address.  The Customer may also request a hard copy version of the completed Checklist in lieu of electronic delivery.

D.  For projects that require a Checklist, Lowe's shall inform the Customer via electronic mail of the procedure described in Paragraph E.

E.  If the Installer assigned to the project determined during the project that there is an adult occupant, or an adult representative of a Child-Occupied Facility, who is different from the Customer, Lowe's will transmit a copy of the completed Checklist to the adult occupant or adult representative by one or more of the following methods:  (1) mail or otherwise deliver a copy of the completed Checklist to the adult occupant or adult representative at the Lead Project address; or (2) transmit a copy of the completed Checklist to the adult occupant or adult representative via electronic delivery if an email address for the adult occupant or adult representative has been provided to Lowe's.  If Lowe's transmits a copy of the completed

Checklist via electronic delivery, the adult occupant or adult representative may also request a hard copy version of the completed Checklist in lieu of electronic delivery.

F. If the Customer, adult occupant, or adult representative informs Lowe's that they did not receive a copy of the completed Checklist, Lowe's shall provide the Checklist upon request, provided that the Installer or Subcontractor has completed the relevant fields in the electronic project management system.

G. If the Installer or Subcontractor did not complete all relevant fields of the Checklist in the electronic project management system within thirty (30) Days after an Installer notifies Lowe's that the Installer or Subcontractor has completed a Lead Project, Lowe's shall:

  1. Notify the Installer that the Installer has thirty (30) Days to complete any missing relevant fields of the Checklist.  An Installer's failure to timely provide a copy of the Checklist may result in disciplinary action against the Installer.

  2. If Lowe's does not receive a completed Checklist within the time set forth in Paragraph G.1, Lowe's shall send correspondence to the Customer, adult occupant, or adult representative, if different, offering to inspect and clean the area where the Lead Project occurred at no cost within the following thirty (30) Days.

      a. If the Customer, adult occupant, or adult representative either does not respond within thirty (30) Days of the date of the correspondence or cancels a scheduled inspection, Lowe's is not required to take any further action.

      b. If the Customer, adult occupant, or adult representative responds within thirty (30) Days of the date of the correspondence and schedules an inspection, Lowe's will hire a Certified Firm different than the firm that performed the original renovation to clean the work area in the manner required by

745.85(a)(5) and conduct a post-renovation cleaning verification of the work area in the manner required by 40 C.F.R. § 745.85(b).  For purposes of this subparagraph, the "work area" that needs to be cleaned and verified for interior renovations includes the entire room where work was performed and areas of ingress and egress from that work area and any other area that, in the discretion of the Certified Firm, needs to be addressed.

c.  Where required by federal, state, territorial, tribal or local law or regulation Lowe's will (or may, upon the recommendation of the Certified Firm that performs the inspection referenced in Subparagraph (b) above) contract with a Certified Abatement Firm, licensed lead inspector, or dust sampling technician to perform dust clearance testing pursuant to 40 C.F.R. § 745.85(c) instead of the procedures required in Subparagraph (b) above.

   i.   If the sampling results are below U.S. EPA regulatory standards, Lowe's shall provide a copy of the sampling results to the Customer or adult occupant and not take any further action.

   ii.  If the sampling results are above applicable U.S. EPA regulatory standards, Lowe's will offer in writing to contract with a Certified Abatement Firm to conduct a cleaning of the interior of the residence in accordance with 40 C.F.R. § 745.227 and the HUD Guidelines.

   iii. If the Customer or adult occupant fails to respond to the offer referenced in the preceding sentence (Paragraph G.2.c.ii) within thirty (30) Days of Lowe's transmitting the offer, Lowe's is not required to take any further action.

iv. If the Customer or adult occupant contacts Lowe's within thirty (30) Days of the correspondence (Paragraph G.2.c.ii) and schedules a cleaning and resampling, and the resampling results are below applicable U.S. EPA regulatory standards, Lowe's shall not be required to take any further action, other than providing the Customer or adult occupant with a copy of the resampling results.

v. If the resampling results are above applicable U.S. EPA regulatory standards after completion of the cleaning and resampling, Lowe's will confer with the Certified Firm to determine if additional steps should be taken related to the Lead Project, in consideration of any additional sources of lead in the home not related to the Lead Project.

d. If a Customer, adult occupant, or adult representative refuses Lowe's offer to hire a Certified Firm to conduct an inspection or cleaning, Lowe's may offer the Customer compensation that the Customer, adult occupant, or adult representative may elect to use to contract with and pay for a Certified Firm to conduct an inspection or cleaning in compliance with the RRP Rule.

# Exhibit D

**Exhibit D**
**Policy on Installer Disciplinary Procedures**

1. Lowe's uses a progressive disciplinary policy for Installers, implemented by Lowe's Services Compliance team.  Lowe's inspects certain jobsites to monitor installation quality and jobsite performance by Installers.  The purpose of this policy is to provide a procedure for Lowe's to communicate with Installers about job performance and compliance.

2. Lowe's contractually requires its Installers to ensure compliance with the RRP Rule, among other obligations.  If Lowe's observes potential noncompliance at a jobsite inspection or receives a third-party complaint of potential noncompliance by an Installer, Lowe's will follow its progressive disciplinary policy as articulated below:

   a. Lowe's will discuss the issue with the Installer and/or Installer's crew lead and ask the Installer to provide an explanation or clarification.

   b. Lowe's may interview witnesses with knowledge and/or review documentation related to the issue to clarify information.

   c. First time non-compliance may result in a warning or coaching by Lowe's to reaffirm Lowe's expectations to the Installer and confirm the Installer's understanding of its compliance obligations, but only if the Installer addresses the issue within a reasonable time after it is identified.

   d. Subsequent warnings for incidents of non-compliance will explain that the conduct at issue is not acceptable and outline consequences if the conduct is not corrected.

   e. Corrective actions are determined by Lowe's depending upon the nature of the issue to be addressed, and may include actions ranging from coaching to non-compliance fees or termination of Lowe's agreement with the Installer, in Lowe's discretion.

f.  Repeat offenses will result in escalating non-compliance fees or additional appropriate actions, including one of the following to be determined in Lowe's discretion:

    i.  Removing the Installer from rotation at some or all stores to which the Installer is assigned;

    ii.  Removing/adjusting the Installer's authorization to perform projects in certain categories of work;

    iii.  Suspending the Installer from the rotation system;

    iv.  Requiring the Installer to prepare corrective action plans and submit additional documentation; and/or

    v.  Other reasonable actions.

g.  Lowe's Compliance Manager will consult with the Installer upon learning of more than two (2) instances of the same type of violation.

h.  Violations may lead to termination of the Installer's agreement with Lowe's, at Lowe's discretion.

i.  Lowe's reserves the right to adjust the disciplinary actions to be taken based on its evaluation of the circumstances, frequency, severity, size of company, and any other relevant facts, as determined by Lowe's.

# Exhibit E

**Exhibit E**
**Policy on LRRP Customer Complaint Process and Noncompliance Identified During Jobsite Inspections**

If Lowe's receives a Complaint of reported or suspected non-compliance with requirements of the RRP Rule by an Installer or Subcontractor, such as a Customer Complaint to Lowe's dedicated e-mail, allegation of a potential noncompliance from a Government Agency, or identification of a failure to follow the RRP Rule during a jobsite inspection or records review, as described in Paragraph 18 of the Second Consent Decree (hereinafter "RRP Complaints"), Lowe's shall undertake the following:

1. Customer Complaints and Allegations of Potential Noncompliance from Government Agencies:

   a. Lowe's will designate a Certified Renovator (or Certified Renovators) to handle RRP Complaints.

   b. Within thirty (30) days of receipt of the RRP Complaint, Lowe's shall initiate an inquiry. As part of the inquiry, Lowe's shall:

      i. Collect Information. Lowe's will collect information related to the project at issue via Lowe's electronic project management system, including but not limited to: the Customer Contract; LRRP Checklist; work orders or change orders; Installer, Renovator, and (where applicable) Subcontractor certifications; and other relevant documents that may have been provided by the Installer. As part of this evaluation, Lowe's shall verify the customer's name, address, and contact information, including phone number and email, if applicable, and collect additional information as needed.

ii. <u>Contact the Customer</u>.  Lowe's will contact the Customer to confirm receipt of the Complaint.

iii. <u>Verify the Age of the Home</u>.  Lowe's will confirm whether the home was built before 1978 using the data provided by the API public record search conducted at the detail stage of the project.  If the API public record search returns an unknown age of home, Lowe's may consult other sources such as county records or Zillow.  If the home was built after 1978, Lowe's will conclude its inquiry.

iv. <u>Review the Complaint and Project Internally</u>.  If applicable, Lowe's will evaluate documents and information related to the project at issue to assess whether a deviation from lead safe work practices occurred.  As part of this evaluation, Lowe's will interview internal resources with relevant knowledge of the project at issue.

    1. If further inquiry is required to evaluate compliance with the RRP Rules, Lowe's may:

        a. Contact the Installer, crew lead, or Certified Renovator who performed the work.

        b. Contact the Customer.

        c. Consult with outside counsel.

    2. After the inquiry is complete, Lowe's shall evaluate appropriate next steps, including but not limited to:

        a. Conducting testing;

        b. Coordinating with a third-party consultant;

    c.  Offering a post-renovation cleaning in the area of the Renovation;

    d.  Offering compensation;

    e.  Providing copies of the LRRP Checklist or Renovate Right Pamphlet;

    f.  Providing the Customer with information that the project was conducted by the Installer in compliance with the RRP Rule, if applicable;

    g.  Providing the Installer with coaching or otherwise determining that discipline or suspension is appropriate pursuant to Exhibit D, Policy on Installer Disciplinary Process; and

    h.  Determining whether the Complaint is reportable under the Second Consent Decree.

    v.  <u>Document Actions Taken to Address and Resolve the Complaint.</u>

2.  <u>Noncompliance Identified During a Jobsite Inspection</u>.

    a.  If a failure to follow the RRP Rule is identified during a jobsite inspection, the Certified Renovator (or Certified Renovators) conducting the jobsite inspection will attempt to resolve the matter at the jobsite, including requiring the Installer or Subcontractor to take corrective action.

    b.  If the Complaint cannot be resolved at the jobsite, the Customer Complaint process above will be followed to the extent applicable and, Lowe's, in its discretion, may halt work on the project during the investigation and complaint resolution process.